JOHN THOMAS ROSS *vs.* THE STATE OF MARYLAND.

*Evidence—Confession.*

A person by the name of Ross, being suspected of murder, was arrested and taken to the office of the Marshal of Police, and on being asked by that officer where he got the body that he had taken to the College on Friday evening, replied he had taken no body there. The Marshal then sent for Perry, who was also under arrest for the murder, and he was brought to the office. The Marshal, pointing to Ross, asked Perry if "this was the man who brought the body," and he replied, yes; then turning to Ross, he said: "See, Perry has identified you as the man who brought the body there; now where did you get it"? Ross then made a statement, which the officer believing to be untrue, he interrupted, saying: "You are not telling me the truth," &c. The officer was about this time called away, and on his return was told that Ross wanted to tell him all about it. He then said to Ross: "Go on now, if you want to make your statement." Ross thereupon made a confession. HELD:

That the confession made under such circumstances was admissible in evidence.

APPEAL from the Criminal Court of Baltimore City.

The appellant being arrested on the charge of murder, was taken to the office of the marshal of Police, between whom and the prisoner certain conversation took place. Finally, the prisoner confessed to the marshal that Perry had told him about ten weeks before that if he were in his place  .

he would make fifteen dollars. He asked him how? and Perry said, " you only have work now and then, and you can make fifteen dollars out of that old woman at your house ;" that he said, " what do you mean, I don't understand you." " Why," Perry said, " they will give you fifteen dollars for her at the college." He and Perry discussed the matter several times. Finally he agreed to do it; and spoke to another man about it, and they agreed to do it. " I went to the house with a brick in my hand," and the other man " stood on the outside ; and I smashed the old woman in the head ; then I came out." " Then I went up to the college, and uncle Perry asked me whether I had done it, and I said yes, I have done it ; he then gave me a bag, and I borrowed a wheelbarrow," and the body was taken to the college. " I took it in and told uncle Perry there it is, and he said all right, I will get your money for you."

This confession, against the objection of the traverser, was admitted in evidence. The traverser having been convicted of murder in the first degree, took this appeal from the action of the Court (DUFFY, J.) in overruling his objection and permitting the confession to be given in evidence.

The cause was argued before ALVEY, C. J., STONE, MILLER, and ROBINSON, J.

*William S. Bryan, Jr.,* and *Charles A. Boston,* for the appellant.

Now all the authorities agree that unless the confession was voluntarily made, it is not admissible. *Biscoe vs. State, ante, page* 6 ; *Nicholson vs. State,* 38 *Md.,* 142.

It is further settled that the State must make it *affirmatively appear* that the confession is voluntary, otherwise it will not be admitted. *Nicholson vs. State,* 38 *Md.,* 153.

The Courts have always been jealous of admitting confessions obtained ·by the inferior officers of justice, partly because they must know that any other policy would cause great oppression of ignorant persons by the police.  1 *Taylor on Ev.*, sec. 798.

As instances of the slight circumstances which have been considered sufficient to render confessions involuntary, see the following cases: *Rex vs. Kingston*, 4 *Carr. & Payne*, 387 ; *Regina vs. Fleming*, 1 *Armstrong, Mac. & Ogle*, 330 ; *Luckhurst's Case*, 1 *Dearsley C. C.*, 248 ; *State vs. Matthews*, 66 *N. C.*, 113 ; 2 *Hawk. P. C.*, ch. 46, *page* 595 ; *Reg. vs. Day*, 2 *Cox C. C.*, 209 ; *Reg. vs. Bodkin*, 9 *Cox C. C.*, 403 ; *Reg. vs. Hatts and Culffe*, 49 *Law Journal, N. S.*, 780 ; *Rex vs. Mills*, 6 *Carr. & P.*, 146 ; *Rex vs. Partridge*, 7 *Carr. & P.*, 551 ; *People vs. Wolcott*, 51 *Mich.*, 614 ; *State vs. Revells*, 34 *La.*, 384.

*Charles B. Roberts, Attorney-General,* for the appellee.

[The Court declined to hear argument on behalf of the appellee.—REP.]

ROBINSON, J., delivered the opinion of the Court.

The prisoner was tried and convicted on an indictment for the murder of Emily Brown, and the question is whether the confession of the prisoner made to the Marshal of Police was admissible in evidence ?  On being brought to his office, the Marshal asked the prisoner where " he got the body, that was taken by him to the College, on Friday evening."  The prisoner in reply having denied taking the body to the College, the Marshal sent for Perry who was also under arrest for the murder, and as he approached the doorway the Marshal pointing to the prisoner asked Perry if " this was the man who brought the body," to which Perry replied " yes."  Then turning to the prisoner, the Marshal said " see, Perry has identified you as the man who brought the body there, now where did you get it ?"

Ross *vs.* State.

The prisoner then made a statement as to where he got the body, and how much he paid for it, but before he finished it the Marshal interrupted him saying, " You are not telling me the truth, that body was not brought that distance ; it was warm when it was brought to the College ; you were there at four o'clock and saw Perry and came back again at six with the body, and the body was warm, now it was brought from somewhere in the immediate neighborhood. This woman lived in your house and you and Perry both lived together with her, and you knew the body; now this woman was not killed up in this yard; she was killed somewhere in the neighborhood of where you live." Just about this time, the Marshal was called out of the room, and on his return was " told that the prisoner wanted to tell him all about it." He then said to the prisoner " Go on and tell me about it ;" the latter hesitated and looking around said I want to talk with Mr. O'Neil, who was the officer by whom he was arrested. O'Neil and the prisoner went into an adjoining room, and returning a few minutes afterwards, O'Neil said to the Marshal "he wants to tell you all about it." Thereupon the Marshal turning to the prisoner said, " *Go on now if you want to make your statement ;*" and the prisoner then made the confession offered in evidence. Now in all this, it does not appear that any *promise* or *inducement* or *threat* or *intimidation of any kind was held out or used,* whereby the prisoner was induced to make the confession. And if not, the confession must be considered in law as a free and voluntary confession.

We had occasion a short time since in *Biscoe vs. State, ante page* 6, to consider somewhat at length the law in regard to confessions, and it is unnecessary to go over the same ground again. In that case, the confession was ruled out because the committing magistrate told the prisoner, " *it would be better* for him to tell all about it, and have no further trouble." This was equivalent to saying, " if you will tell all about it, you will have no further trouble,"

and a confession made under such circumstances we said was clearly inadmissible. But nothing of that kind was said to the prisoner in this case. The Marshal in the first place asked him " where he got the body that was taken by him to the College on Friday evening," and being satisfied the prisoner was not making a correct statement in reply to this inquiry, he said to him, "you are not telling me the truth, &c." Afterwards the Marshal on being informed that "the prisoner wanted to tell him all about it," merely said to him, " Go on now, if you want to make your statement." A confession made under such circumstances, is, according to all the cases, admissible in evidence, and we must there-fore affirm the ruling below.

> *Ruling affirmed, and*
> *cause remanded*

(Decided 21st June, 1887.)