## JOSEPH LEAGUE *vs.* THE STATE OF MARYLAND.

*Writ of Error—Trial by the Court instead of the Jury —Effect when the Court, consisting of two Judges, fail to agree.*

A writ of error sued out before final judgment, is premature, and will be dismissed.

Where a party, in virtue of Article 30, section 91, of the Code, elects to be tried by the Court instead of the jury, and the trial takes place, the Court is substituted for the jury, and has the same duties and functions to perform in passing upon the guilt or innocence of the accused ; and unless the party charged is determined to be guilty or not guilty, there can be no judgment either of conviction or of acquittal.

Where a party, indicted for murder, instead of being tried by the jury, is tried by the Court, consisting of two judges, and they fail to agree, he is left in the same position as if no trial had taken place. It is in law a mis-trial, and a re-trial must of necessity be had.

WRIT OF ERROR to the Circuit Court for Baltimore County.

The plaintiff in error was indicted for murder in the Circuit Court for Baltimore County, at August Term, 1871, together with five other persons. A motion for leave to sever in defence was made and granted. A jury sworn and empanelled to try the case of the plaintiff in error, on the 8th of November, 1871, were unable to agree, and were discharged by the Court on the 12th of the same month. He was thereupon admitted to bail, and the case was continued to the next December Term. At that term, availing of the right given by the 91st section of the 30th Article of the Code, the plaintiff in error elected to traverse the indictment before the Court instead of before the jury ; and the case was accordingly tried before the Court on the 15th of January, 1872. The Court, constituted of two judges, after hearing the evidence, was divided in opinion. The fact of the equal division in opinion was entered of record, and the Court ordered a re-trial.

On the 31st of January, 1872, the plaintiff in error filed a motion or petition, reciting the facts, and praying his dismissal by the Court. This motion was overruled. On the following day, viz., February 1st, 1872, the plaintiff in error, under and in pursuance of the first rule and regulation of the Court of Appeals, made under the 18th section of the 4th Article of the Constitution, filed a petition for the removal of the cause to the Court of Appeals, as upon writ of error. The Court did not immediately pass any order upon the application, but caused a *jury* to be drawn and impanelled on the 3d of February. A verdict was returned of not guilty of murder, but guilty of manslaughter; the jury also recommending the prisoner to the mercy of the Court. A motion for a new trial was made and prevailed, and the case continued to March Term, 1872. The Court then, on the 6th of March, 1872, passed an order allowing the removal of the record to the Court of Appeals, upon the application made on the previous 1st day of February.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*D. G. McIntosh* and *Arthur W. Machen*, for the plaintiff in error.

The right of the traverser to have the cause tried by the Court was absolute. Having made his election, and submitted all the issues to the Court, he thereby, under the law, made it incumbent upon the Court to dispose finally of the case. The trial he was entitled to necessarily involved a *judgment*, of acquittal or conviction. All the constitutional rights provided in the declaration of rights adhered to the traverser, subject only to his waiver of a jury trial. He was entitled to the privilege of counsel, to be confronted with the witnesses against him, to an examination of them on oath, and to a speedy trial. This case was duly submitted, accordingly. No formal issue is necessary in such cases. *Rawlings*

*vs. The State*, 2 *Md.*, 215. The Court, acting upon the submission, assumed to try the cause, and did try it. The evidence having been all heard, the Court who had heard it had nothing left to do but pronounce judgment.

The substitution of the Court for a jury involved a difference, proceeding from the essential distinction between the two tribunals. The Court, though the functions of a jury were merged in it, acted *as a Court.* Unanimity was not requisite, either for conviction or acquittal. The judgment of a majority is equivalent to the judgment of all. *State vs. Buchanan*, 5 *H. & J.*, 500. A jury may fail to agree, but a Court *must* arrive at a decision. The judgment is not the judgment of one Judge, or two Judges, or three Judges, but the judgment of the *Court.*

In the present case, the Court before whom the trial was had, was constituted of two Judges. When these two differed in opinion, the like result followed as in other cases of an equal division of a Court upon a question before it for adjudication; the question was necessarily determined against the party upon whom the burden of the affirmative rested. *Gregg vs. Mayor and C. C. of Balto.*, 14 *Md.*, 479, 503; *Hatton vs. Weems*, 12 *G. & J.*, 83, 102; *Michael vs. Schroeder*, 4 *H. & J.*, 227.

A Court may, and in point of fact often does, adjudge and determine a cause when it is equally divided in opinion. It is true that a decision, based on a division of the Court, establishes no principle, and ought not to be made a precedent, but it is none the less a *judgment* and conclusive of the particular case.

In *Etting vs. Bank of the United States*, 11 *Wheat.*, 78, a leading case in the Supreme Court, Chief Justice MARSHALL, with his customary precision, indicated the distinction: "The principles of law," he said, which have been argued, cannot be settled; but the *judgment* is *affirmed;* the Court being divided in opinion upon it."

Upon a division of the Appellate Court, the practice is not merely to allow the judgment below to stand, nor to dismiss

the appeal for want of ability to act in the premises; but a judgment of affirmance is entered in the Appellate Court. It has been held that such a judgment is entitled to all the consideration due to a judgment of the Appellate Court, even though the question involved be one of jurisdiction, and although an opportunity be afforded to review it upon a second appeal in the same cause. *Washington Bridge Co. vs. Stewart*, 3 *How.*, 413.

In *Holmes vs. Jennison*, 14 *Pet.*, 540, the Supreme Court being evenly divided, the opinions of four Judges standing against those of the other four, upon the question of the Court's jurisdiction, the decree took no notice of the circumstance of the division. Its language was: "This cause came on to be heard, &c.; on consideration whereof, it is now here ordered and adjudged by this Court, that this writ of error to the said Supreme Court (of Vermont) be, and the same is hereby, dismissed for the want of jurisdiction."

In a case where a Circuit Court was equally divided upon the question of jurisdiction, and the question came up upon a certificate of division, and the Supreme Court also was equally divided, the cause was remitted to the Court below, in order that *that* Court might enter a decree of dismissal, leaving to the plaintiff the right then to appeal from such decree if he thought proper. *Silliman vs. Hudson River Bridge Co.*, 1 *Black*, 582.

*Attorney General Syester*, for the State.

The whole point of the objection to the proceedings in the Circuit Court, seems to be: That upon the submission of the case to the Court, and its inability to agree, the party was entitled to be discharged, because the indictment was not sustained. That the burden of proof was upon the prosecution; the affirmative proposition was on the State. And that when it failed to make out its case, the prosecution was at an end. And, moreover, that the failure to make out the case and sustain the indictment, is to be ascertained in this

particular instance, *not by a finding of "not guilty,"* but by the *inability* of the tribunal selected *to find anything at all.*

It is submitted, on the other hand, that when a party is put upon his "deliverance," and submits his case to a Court instead of to a jury, the duties of the Court are precisely those that would have devolved on the jury; that in either case, to entitle a party to be discharged, he must be *found "not guilty."*

There is no sort of analogy between such a case as this and those cases where propositions are submitted to judicial tribunals and are not sustained. Where a party offers evidence which is objected to—as in *Ferrall vs. Kent,* 4 *Gill,* 209—there an equal division of the Court leaves the question and the parties precisely as it found them.

So also in the cases where, on appeals, the Appellate Court is equally divided—the *judgment below stands,* simply because the Court was unable to agree. Every thing is left precisely as it is found.

The same is true of motions of any kind to dismiss appeals; for illustration: whenever such motions are made, and a Court stands equally divided, the motion fails, and the case must be decided on its merits, simply because the Court came to no conclusion. In all such cases, the cause *and the rights of parties before the Court are left precisely as the Court finds them,* because the proposition, whether an offer of testimony, a motion or an appeal, has not been sustained.

Now, by the errors assigned in the petition for this writ, we are told that all this doctrine must be reversed; that in cases like this, the division of a Court must *not* leave the question and parties where the Court found them.

It is said that here the affirmative is on the State, and that when the Court cannot agree, it has actually found that the affirmation charged in the indictment *is not true.*

But when the party on trial selects the Court, instead of the jury, to pass upon his "deliverance" between him and the State, it is but a mere change in the tribunal to respond to

the matter between the people and the party charged. The duties in each case are identical. Before he can be acquitted, the tribunal selected must *agree to his acquittal.*

The jury proceeds to its duties and obligations according to the laws constituting its existence and regulating its action; and in order to a discharge of the party, the jury must *agree*, and that agreement requires the concurrence of every member of the jury.

When the Court addresses itself to the discharge of the same duty, it must proceed according to the laws and regulations established and recognized as governing its deliberations and judgments.

If composed of two or more members, the agreement which *constitutes the action* of the tribunal, requires the concurrence of a majority of the members. But in either case, before any final or conclusive judicial act can be done or made, there must be an agreement according to the laws and rules which enter into and constitute the very right and power of the tribunal to decide anything; and before a party, charged by the grand inquest of the State, can be discharged, it must be by some known, acknowledged and recognized *judicial act.* An inability to form a conclusion, whether by division in a jury or division in a Court, is no judicial act.

But the record shows that no judgment, or order, or act in the nature of a judgment, final and conclusive in its character, has ever been entered by the Court in this case.

If the inability of the Court to arrive at any conclusion at all is to be refined and construed into an *acquittal,* the remedy of the plaintiff in error is yet open to him by his proper plea in this regard. Indeed, the record shows that he proceeded to trial, after the failure of the Court to agree, and set up no such defence; that he was convicted of manslaughter; but the Court granted a new trial, and the case stands continued on the docket.

Can a writ of error lie in a case like this, where no judgment has been rendered? where nothing final and conclusive

in its nature has taken place? "A writ of error lies where a man is aggrieved by an error in the foundation, proceeding, judgment or execution of a suit; but *without a judgment*, or an award in the nature of a judgment, no writ of error does lie." *Coke Lit.*, 288, *b*. See also 1 *Arch. Cr. Prac. & Pl.*, 198.

It is well settled by authorities in Maryland and elsewhere, that the expression "judgment," in this connection, means a *final* judgment, and final judgments are such as at once finish the proceeding, by settling and concluding all the rights of the parties to the proceeding. Hence judgments after verdict, in debt, for "a sum certain," judgments by confession for amounts agreed upon, and judgments in favor of defendants, are final. But in every other case, as on default, on demurrer, &c., and all rulings on motions, the judgment is interlocutory, deciding only in the first instance that the plaintiff ought to recover; in the second, that he is not entitled to recover; and in the last, some mere point of practice or order of proceeding. There is no judgment in this case to be "reversed." The refusal of the Court to grant the prayer of the petition of the 31st of January is not a judgment. The overruling of a mere "motion" is not a determination of a Court, final and conclusive in its character.

"It is well settled that no appeal can be prosecuted until a *final decision* has been had in the Court below, which *concludes the rights of the parties.*" *Smithson & Owens vs. U. S. Telegraph Co.*, 29 *Md.*, 165.

The decision in this case, like that in 29 *Md.*, did not *conclude any right* of the plaintiff in error, for, as in 29 *Md.*, so here, "the case still stands for trial."

There is nothing in the nature and quality of a writ of error which gives it a wider scope or greater range than an appeal in a civil case. "They are but different modes of accomplishing the same thing—the review of judgments of Courts of original and inferior jurisdiction by a Court of appellate jurisdiction." *Coston vs. Coston*, 25 *Md.*, 504.

League *vs.* State.

BARTOL, C. J., delivered the opinion of the Court.

This record shows that the plaintiff in error being indicted for murder, was tried by a jury, who, failing to agree upon a verdict, were discharged; he was then admitted to bail, and the case continued to December Term, 1871. At that Term he elected to be tried before the Court, under the 91*st section, Art.* 30, *of the Code;* and the case was accordingly tried before the Court on the 15th day of January, 1872. The Court, consisting of two Judges, were unable to agree, and ordered a re-trial.

On the 31st day of January, 1872, the plaintiff in error, by his attorneys, moved the Court that he be discharged, insisting that the failure of the Court to agree, was equivalent to a judgment of acquittal. This motion being overruled, he prayed for a writ of error.

Afterwards, on the 3d day of February, 1872, he was tried before a jury, plead "*not guilty,*" and the jury rendered a verdict of "*not guilty of murder, but guilty of manslaughter,*" and recommended the prisoner to the mercy of the Court. On the same day a motion was made on behalf of the prisoner for a "*new trial,*" which was granted by the Court, and the cause continued.

There being no final judgment in the case, the writ of error was prematurely brought, and must be dismissed. But as the counsel on both sides have intimated a wish that the opinion of this Court should be expressed upon the main question in the case, which has been fully argued; and as the decision of the same will obviate the necessity of suing out another writ of error, or taking an appeal, in case the final judgment should be against the defendant below, we consider it proper briefly to express some of the reasons why, in our judgment, the Court below was right in refusing to discharge the defendant.

By the Constitution, Art. 15, sec. 5, it is declared that "in the trial of all criminal cases, the jury shall be the judges of law as well as of fact." The Code, Art. 30, sec. 91, provides

that "any person presented or indicted, may, instead of traversing the same before a jury, traverse the same before the Court, who shall try the law and the facts."

The effect of this is to allow a party the privilege of electing to be tried by the Court instead of a jury, and when such election is made, the Court is substituted for the jury, and has the same duties and functions to perform in passing upon the guilt or innocence of the accused.

Unless the party charged is determined to be guilty, or not guilty, there can be no judgment either of conviction or of acquittal.

In this case the party was not found guilty by the tribunal elected to try him, nor was he determined to be not guilty. The record states that in fact there was no judgment pronounced in his case. The two Judges were unable to agree, and so could do nothing, except to order a re-trial in the same manner as when the jury failed to agree upon a verdict. It would be a strange consequence from this to say that in law or in fact, the failure of the Court to pronounce any judgment is equivalent to a judgment of acquittal.

It has been argued that where a Court is equally divided in opinion upon a question, the judgment is against the party maintaining the affirmative, as in *Michael vs. Schroeder*, 4 *H. & J.*, 227, the Court being equally divided in opinion upon a motion to remove a case to another jurisdiction, the motion was lost. And if this Court is equally divided in opinion upon a motion to dismiss an appeal the motion is lost, as was held in *Hatton vs. Weems*, 12 *G. & J.*, 83–102, and *Gregg vs. Mayor and C. C. of Balt.*, 14 *Md.*, 479–503. And from this it has been argued that the *onus* or affirmative being upon the State, an equal division of the Court, or a failure of the Judges to agree upon a judgment of conviction necessarily entitled the party to be acquitted. But in our opinion the rule which governs judicial tribunals where propositions of law are submitted to them which are not sustained, has no application to a case like this. If the argument was sound, it would apply

as well to the case where a party is tried by a jury and they fail to agree upon a verdict, as to the case of a trial by the Court. Each is alike bound to make true deliverance between the traverser and the State. The duty of the tribunal by which he is tried is to arrive at a judgment or verdict, without which there can be neither an acquittal nor a conviction.

The only difference is that which results from the difference in the constitution and nature of the two tribunals; to make a legal verdict all the jurors must agree; but where the matter is traversed before the Court, if it is composed of two or more members, a majority of them must concur in rendering the judgment; and where there is an equal division among them and no judgment is rendered, the party is left in the same position as if no trial had taken place. It is in law a mis-trial, and a re-trial must of necessity be had.

*Writ of Error dismissed.*

(Decided 18th June, 1872.)