## ELIZABETH B. JESSUP vs. STATE OF MARYLAND.

*Liquor laws: sales to minors; liability of hotel managers. Evidence; objections too general. Criminal law; province of jury.*

The general manager of a hotel may be held liable for the sale of liquors on the premises made by the employees to minors, or midshipmen or students of the United States Naval Academy, etc., in violation of sec. 46 of Art. 2 of the Code of Local Public Laws (Acts of 1910, Ch. 647).          p. 122

If an objection to evidence is general, to each and every part of it, then, if any part of the evidence is admissible for any purpose, the objection will be overruled.          p. 122

In criminal trials the jury are judges of both the law and the evidence, and unless there be error in the rulings of the Court the jury's verdict must stand.          p. 123

In criminal trials a motion to strike out the whole of the State's evidence, is to effect a demurrer to the evidence and an attempt to obtain an instruction on its legal sufficiency, and should be overruled.          p. 123

*Decided January 9th, 1912.*

The appellant was tried and convicted in the Circuit Court of Anne Arundel County (BRASHEARS, J.) on three charges of selling liquor to minors in violation of Chapter 647 of the Acts of 1910. Three appeals were taken.

The three causes were argued together before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Daniel R. Randall* and *Robert Moss*, for the appellant.

*Isaac Lobe Straus, Attorney-General*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

These three cases were argued together and as they present the same questions, they will be considered and disposed of by this Court in one opinion.

The questions are presented by a single exception and that is to the ruling of the Court, at the close of the State's testimony, in refusing, upon motion of the traverser, to srtike out all the evidence upon the part of the State which had been admitted subject to exception.

The case was tried before the Court sitting as a jury and it appears, from the record, that after the first witness was sworn, on the part of the State, the traverser objected to his testimony as to the sale of the liquor to him at Carvel Hall Hotel, unless it was followed up by testimony legally sufficient to prove that the defendant was *prima facie* guilty of the offense charged in the indictment.

The Court had admitted all the evidence set out in the record, subject to exception, with leave to the defendant at the close of the State's case to move to strike out the whole or any part of it.

At the close of the State's case, the traverser submitted the following motion as stated in the exception, "the defendant moves the Court to strike out all the evidence of all of the State's witnesses, the said evidence having been admitted subject to exception and all of the said evidence of all of the witnesses not being legally sufficient, or admissible to prove or tend to prove that the defendant was guilty of the offense of selling or giving away whiskey and wine to Aaron S. Merrill on December the 24th, nineteen hundred and ten, at Carvel Hall Hotel, city, county and State aforesaid."

This motion was overruled by the Court below, and the traverser declining to offer further evidence, was then convicted, upon the issue joined upon the plea of not guilty, and sentenced to pay a fine of $50 and costs. And from this judgment she has appealed.

The testimony, which the traverser's motion sought to strike out, was *all* of the evidence offered by the State, and was as follows:

Aaron S. Merrill testified that he purchased at Carvel Hall Hotel, Annapolis, Maryland, on the 24th day of December, nineteen hundred and ten, whiskey and wine, and that it was delivered to him in a little room off from the bar by

one of the hotel waiters and he paid for the same, and at the time he purchased and paid for said whiskey and wine he was a minor under the age of twenty-one years, and a midshipman attached to the United States Naval Academy, and that he was not a student of St. John's College. The witness testified on cross-examination that at the time he purchased the liquor he did not see Miss Elizabeth B. Jessup in that part of the hotel and had never seen her at any time in that part of the hotel adjacent to the bar.

William J. Seeley, testified that Miss Elizabeth B. Jessup was the manager of Carvel Hall Hotel, Annapolis, Maryland, on the 24th day of September, in the year nineteen hundred and ten, and that as said manager she had the right to employ and discharge waiters and bell boys and minor help. That she employed him as chief clerk, upon recommendation of A. H. McCartly, that as such manager she paid all bills contracted in and about the management of the hotel, drawing checks for same on a fund in bank in the name of the Carvel Hall Hotel Company and signing check Carvel Hall Hotel Company, E. B. Jessup, manager.

On cross-examination the witness testified that Miss Elizabeth Jessup received a regular monthly salary, the same as he did, he being chief clerk of the hotel, and that she did not have the right to discharge him and did not have the right to employ or discharge the barkeeper, who also received a monthly salary, and that their salaries were paid them by the Security Land Company, a body corporate incorporated under the laws of the State of New Jersey, of which A. H. McCartly was manager, and that said company conducted the hotel, and all the liquor in the hotel for sale was kept at the bar.

The State further proved that the application of the Security Land Company to the Mayor, Counsellor and Aldermen of the City of Annapolis for a liquor license was signed by Elizabeth B. Jessup, agent. It was admitted in the case that the Security Land Company was a non-resident corporation of the State of Maryland, but licensed to do business in this State, certifying to Secretary of State of Maryland that

its sole business in the State of Maryland was the renting and collecting rents from property known as Carvel Hotel Company and that Daniel R. Randall was its agent on whom process could be served. And that all its directors and officers were non-residents of the State of Maryland.

We have thus set out the evidence at length, because the ruling of the Court, embraced in the exception, upon the motion to strike it out, presents the only legal question to be reviewed by us, as we do not understand that the correctness of the Court's ruling upon the demurrer to the indictment is pressed, on this appeal.

It is clear, we think, that the motion to strike out, as submitted to the Court and set out in the bill of exception, is entirely too broad and general, and was properly overruled by the Court for two reasons.

The law is well settled, that if the objection is a general one to all, and each, and every part of the evidence and if any part of it is admissible, the Court will overrule the objection.

Mr. Wigmore in his work on *Evidence,* 1 Wig., sec. 18, page 57, states the rule as follows: The cardinal principle is that a general objection, if overruled, can not avail.

In *Pegg* v. *Warford,* 7 Md. 582, this Court said: A general objection to testimony which is *per se* applicable to the case for any purpose, will not be sustained though inapplicable for other purposes and such general objection would leave the testimony to go to the jury as if no objection had been made at all. In other words, it would be virtually an offer generally of competent testimony. *Budd* v. *Brooke,* 3 Gill, 220; *Morrison* v. *Whiteside,* 17 Md. 458; *Levy* v. *Taylor,* 24 Md. 282; *Burgoon* v. *Bixler,* 55 Md. 384; *State* v. *Leury,* 116 Md. 284.

In *Carroll* v. *Granite Mfg. Co.,* 11 Md. 399, the Court used this language: After evidence has been admitted and an application is made to the Court to exclude it, then the onus rests upon the party making the application, to confine his objection to that portion of the evidence which is illegal.

And the same rule applies when an offer is made of a mass of evidence, complex in its character, and the whole of it is objected to. In such case, if any part of it be admissible, it is error to exclude the whole.

In the case at bar, the reason, for the exclusion of the evidence stated in the exception, is, "that all of the said evidence of all of the witnesses, not being legally sufficient or admissible to prove or tend to prove that the defendant was guilty, etc."

This objection it will be seen, is too general and related to all the evidence offered on the part of the State, and did not point out specifically the inadmissible parts of the evidence or state in what way it had no legal application to the case. Some of the evidence objected to, was obviously admissible tending to prove the charge set out in the indictment and for the reasons stated and upon the authorities cited the Court committed no error in overruling the motion to strike it out in the form it was submitted.

But apart from this, the motion to strike out the whole evidence on the part of the State, was in the nature of and in legal effect a demurrer to the evidence, and an attempt to obtain from the Court an instruction as to the legal effect and legal sufficiency of the evidence to sustain a verdict for the traverser.

In *Dick* v. *State,* 107 Md. 17, the Court said, upon a review of the cases in this State upon the subject, it is well settled that this can not be done in Maryland where the jury in criminal cases are the judges of the law and the legal effect and legal sufficiency of the evidence and the Court only determines the admissibility of the evidence.

In the case at bar, the precise language of a part of the motion to strike out the evidence is, "that all the evidence of all of the witnesses legally sufficient to prove or tend to prove the guilt of the traverser" and as the jury in this State are the judges of both the law and the evidence, and unless there is error in the rulings of the Court, their finding must stand.

In *Ridgely* v. *State,* 75 Md. 512, it was said, "No Court in this State, whatever may be the rule elsewhere, can be required by counsel or jury in criminal cases to give instructions, either upon the law of the crime or on the legal effect of the evidence."

The rule here stated is sustained and approved by a number of recent cases, in this Court. *Lanasa* v. *State,* 109 Md. 602; *Dick* v. *State,* 107 Md. 17; *Garland* v. *State,* 112 Md. 100; *Leury* v. *State,* 116 Md. 284; *Esterline* v. *State,* 105 Md. 630.

The law applicable to the facts of a case of this character, has been settled by an unbroken current of authorities in this State and elsewhere, and will be found clearly and fully stated in the cases cited by the learned Attorney-General of the State, upon his brief, filed in the case, and are as follows: *Carroll* v. *State,* 63 Md. 551; *Peterson* v. *State,* 83 Md. 194; *Lochnar* v. *State,* 111 Md. 660; *Esterline* v. *State,* 105 Md. 630; *Bishop Stat. Crimes* (ed. 1873), sec. 1024; 23 *Cyc.* 206, and cases there cited.

The traverser was indicted for a violation of section 46 of Article 2 of the Local Code of Anne Arundel County (Acts 1910, Chapter 647), which makes it unlawful for any person, whether licensed to sell spirituous liquors or not, to sell, dispose of, barter or give, directly or indirectly, within the corporate limits of the City of Annapolis, or within five miles thereof, any spirituous or fermented liquors, wines or cordials of any kind, or in quantity whatever, to any youth or minor under the age of twenty-one years, without the written order or consent of the parent or guardian of such minor, nor to any midshipmen or student connected with or attached to the Naval Academy at Annapolis, or under orders to join or leave the said Academy or preparing for admission to said Academy, nor to any student of St. John's College, without the written order of some professor from said college. And any person violating the provisions of this section shall be liable to indictment in the Circuit Court for Anne Arundel County, and upon conviction thereof shall be fined a sum not

less than twenty dollars and not more than one hundred dollars and costs, and shall be confined in the county jail until such fine and costs are paid.

The undisputed evidence in this case, is to the effect, that the traverser was the manager of Carvel Hall Hotel, in Annapolis, and had the right to employ and discharge waiters bell-boys and minor help; she employed the chief clerk and that as such manager she paid all bills contracted in and about the management of the hotel, drawing checks for the same on a fund in bank in the name of the Carvel Hall Hotel Company and signing the check, Carvel Hall Hotel Company, E. B. Jessup, manager, that the salaries of the manager and the chief clerk and the barkeeper were paid by the Security Land Company a corporation of the State of New Jersey, but licensed to do business in this State, and that said company conducted the hotel and all the liquor in the hotel for sale was kept at the bar. It was also shown that the application of the Security Land Company to the Mayor, Counsellor and Aldermen of Annapolis, for a liquor license was signed by Elizabeth B. Jessup, agent.

Aaron S. Merrill testified that he purchased at Carvel Hall Hotel, on the 24th of December, 1910, whiskey and wine, and that it was delivered to him in a little room off from the bar by one of the hotel waiters and he paid for the same, that he was a minor under the age of twenty-one years and a midshipman attached to the United States Naval Academy.

Now without stopping to review in detail the evidence, upon which the verdict in each of these cases must have been based, it is sufficient to say, for the purposes of our conclusion, that the motion to strike out the whole evidence in all three cases was properly overruled and this being so, and the findings of the Court being against the traverser, the judgments were correctly entered by the Court below. It follows, that the judgment in each case must be affirmed. *Thomas* v. *Hunter,* 29 Md. 406; *Tinges* v. *Moale,* 25 Md. 486; *New & Son* v. *Taylor,* 82 Md. 40; *Turner* v. *Egan et al.,* 116 Md. 35.

*Judgment affirmed, appellant to pay the costs.*