## JACOB A. DOXEN *v.* STATE OF MARYLAND.

*Embezzlement—Admissibility of Evidence—Attorney Procuring Mortgage Loan—For Whom Agent—Question for Jury.*

On the prosecution of an attorney for the embezzlement of money entrusted to him by a purchaser of property for the payment of an existing mortgage thereon, the contract of purchase, the deed to the purchaser, said existing mortgage, and two mortgages made by the purchaser, *held* admissible.          p. 121

The fact that defendant, as agent for the mortgagee, made the affidavit as to the consideration for a mortgage executed by the purchaser, did not render such mortgage inadmissible on the theory that it did not tend to prove the existence of his agency for the purchaser, as alleged in the indictment, in regard to the disposition of the money derived from the loan secured by the mortgage.          p. 121

One's agency for a mortgagee for the purpose of making the affidavit of consideration is not incompatible with an agency for the mortgagor in the negotiation of the loan and the collection of the proceeds.          pp. 121, 122

On the prosecution of an attorney for embezzling money entrusted to him by a purchaser of property for the purpose of paying off a mortgage thereon, it was proper to allow such purchaser, in connection with his testimony that he supposed that the defendant had paid off the mortgage, to answer in the negative the question whether he had ever paid interest on the mortgage.          p. 122

It was proper also to admit proof that the defendant, in his settlement with such purchaser, after procuring a loan for him, retained a sufficient amount to discharge the mortgage.   p. 122

Questions asked such purchaser as to what it cost him to live on the property, as to the fee paid by him to defendant in connection with its purchase, and what improvements he made thereon, were properly excluded as involving immaterial inquiries.          p. 122

On the prosecution of an attorney for embezzling part of a mortgage loan procured by him for a purchaser of the property, it was proper to exclude a question asked of such purchaser, as to whether he had not sworn to a bill of complaint, seeking to enjoin the mortgagee from collecting the mortgage, on the ground that defendant was the mortgagee's agent, such an allusion to the injunction case tending to confuse the issue, and the alleged characterization by the witness of defendant's relation to the mortgage transaction involving merely the expression of a conclusion by the witness upon a question of law, which was for the jury, in the criminal case, to decide.            p. 123

The person who made the mortgage loan to the purchaser, part of the proceeds of which defendant was charged with embezzling, was properly allowed to state that the defendant called to see him for the expressed purpose of borrowing from him for the purchaser the amount which he afterwards loaned to the latter, and to produce in evidence the checks by which he paid to defendant the sum so borrowed.            p. 123

On the prosecution of an attorney for the embezzlement of a portion of the money obtained by him for another on a mortgage loan to the latter, *held* that it was not an abuse of discretion for the court, in connection with questions asked the mortgagee as to whether defendant was his agent or the agent of the borrower, to say that defendant might have been the agent of both.            pp. 123, 124

The money alleged to have been embezzled having been entrusted to defendant for the purpose of paying off a mortgage, evidence as to the existence of the mortgage was admissible.

p. 124

Where motions to strike out testimony are not included or described in the record, the action of the court in overruling them cannot be reviewed.            p. 124

Defendant's testimony as to a visit by him to his brother during the period of the transaction under inquiry *held* properly excluded as irrelevant.            p. 124

Evidence as to defendant's financial worth and his ability to meet his obligations was properly excluded.            p. 124

It was proper to allow defendant to be asked on cross-examination as to what he did with the money entrusted to him for

the purpose of paying off the mortgage, and which he was charged with embezzling.                                              p. 124

It was also proper to allow defendant to be cross-examined as to whether he had told the purchaser of the property, who entrusted the money to him, that the mortgage had never been paid off.                                                          p. 125

On a prosecution for embezzlement of money procured by defendant for another on mortgage, the question whether defendant was the agent for the mortgagor or the mortgagee in receiving and holding the money was not one for consideration by the appellate court, the legal sufficiency of the evidence to support the allegations of the indictment as to the ownership of the money and the defendant's receipt thereof as the mortgagor's agent being for the jury.                               p. 125

*Decided June 11th, 1926.*

Appeal from the Circuit Court for Harford County (HARLAN, J.).

Criminal proceeding against Jacob A. Doxen.  From a judgment of conviction, he appeals.  Affirmed.

The cause was argued before BOND, C. J., URNER, DIGGES, PARKE, and WALSH, JJ.

*John L. G. Lee,* with whom was *Albert S. J. Owens* on the brief, for the appellant.

*Robert H. Archer, Assistant Attorney General,* with whom were *Thomas H. Robinson, Attorney General,* and *W. Worthington Hopkins, State's Attorney for Harford County,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

The bills of exception contained in the record on this appeal relate to rulings on the admissibility of evidence in the course of a trial which resulted in the defendant's conviction of embezzlement.  The material facts of the case are

undisputed. In August, 1924, William D. Simmons bought from Simon Getz a dwelling house and lot of ground in Bel Air for $1,165.50, subject to an existing mortgage on the property for $1,800, which the purchaser agreed to assume. The defendant, who was an attorney-at-law, prepared the contract of purchase. In order to enable Simmons to finance the transaction the defendant obtained for him a loan of $3,000 from Jesse C. Carr. A mortgage to secure this loan was executed by Simmons immediately after he received his deed of the property from the vendor. The amount of the loan was paid by Carr to the defendant with the understanding that it would be applied, so far as necessary, to the satisfaction of the existing $1,800 mortgage. In a subsequent settlement with Simmons the defendant was credited with the sum required for the payment of that mortgage, and with other applications of the Carr loan and of the proceeds of a subordinate mortgage loan of $800 made by the defendant himself to provide for repairs and improvements on the property. The $1,800 mortgage has never been paid, and for embezzlement of the fund entrusted to him for the payment of that mortgage the defendant has been indicted, convicted and sentenced.

The first five of the thirty-one exceptions were reserved because of the admission in evidence of the contract of purchase, the deed and the three mortgages to which we have referred. These were all material elements of the transaction under investigation and were properly admitted. The fact that the affidavit as to the consideration of the Carr loan was made by the defendant as agent for the mortgagee did not render the mortgage inadmissible on the theory, advanced on the defendant's behalf, that it had no tendency to prove the existence of his agency for Simmons, the mortgagor, as alleged in the indictment, in regard to the disposition of the money derived from the loan which the mortgage secured. The loan was made to Simmons upon a mortgage of his property, and it was evidently as his representative that the appellant received the money thus procured. His agency for

the mortgagee for the purpose of making the affidavit of consideration was not incompatible with an agency for the mortgagor in the negotiation of the loan and the collection of the proceeds.

Against the defendant's objection, Mr. Simmons was allowed to be asked, and to answer in the negative, the question whether he had ever paid any interest on the mortgage for $1,800. In connection with his testimony that he supposed the appellant had paid the mortgage, we think the admission of the statement excepted to was proper. It was the subject of the sixth exception.

The interrogatory challenged by the seventh exception was unobjectionable, but the record does not show that it was answered.

The eighth, ninth and tenth exceptions refer to the admission of proof that the defendant in his settlement with Simmons retained a sufficient amount to discharge the $1,800 mortgage lien. The rulings on those exceptions were correct.

On cross-examination, after testifying that he had been living on the mortgaged property since September, 1924, Simmons was asked: "What has it cost you since you have been there?" This was an immaterial inquiry. The eleventh exception was taken because the question was disallowed.

Having testified that he bought the property through the defendant, Simmons was asked, on cross-examination: "What was the fee you paid him?" This also was an irrelevant question. An objection to it was sustained, and the twelfth exception was thereupon reserved.

Another cross interrogatory addressed to the same witness was as to the extent of the improvements he had made to the property since his purchase. This inquiry, which was the subject of the thirteenth exception, was not pertinent to the issue. The only improvements with which the defendant's agency was concerned were those to which the proceeds of the $800 mortgage loan were to be applied, and it is not suggested that the money so provided was insufficient for its intended use.

In the course of his cross-examination, Simmons was asked the following question, as appears from the fourteenth bill of exception: "Have you sworn to a bill of complaint against Mr. Carr, in which you ask for an injunction restraining the collection of the $3,000 mortgage or any part thereof, on the ground that the $1,800 mortgage is outstanding against you —and on the further ground that Mr. Doxen, (the defendant) was the agent of Mr. Carr and not your agent in the execution of the $3,000 mortgage?" This question was disallowed on objection by the State. The ruling was proper, in our judgment. The allusion to the injunction suit tended to confuse the issue which the jury in the criminal case had to determine. As the facts in regard to the defendant's relation to the mortgage transaction were not in dispute, the characterization of that relationship by the averment sought to be proved as having been made in the other case would be merely the expression of a conclusion by the witness as to a question of law which, as raised in the criminal case, it was the function of the jury to decide under our State Constitution. For the same reason the rulings which precluded similar questions propounded to Mrs. Simmons are approved. They are embraced in the bills of exceptions numbered fifteen, sixteen and seventeen.

There was no error in permitting Mr. Carr, who made the $3,000 loan, to testify for the State that the defendant called to see him for the expressed purpose of borrowing that amount of money for Mr. Simmons, and to produce in evidence the checks by which the witness paid to the defendant the sum borrowed. The eighteenth, nineteenth and twentieth exceptions were taken because of the admission of this evidence.

Mr. Carr was asked on cross-examination whether he understood the defendant to be his agent in "the loaning of this money." He answered: "I do not know that he was." He was then asked: "Wasn't Mr. Doxen your agent to handle your money?", and replied: "I guess he did." Objection being made to this line of cross-examination, the trial judge stated: "Mr. Doxen might well be the agent of both Carr and Simmons." A motion to strike out this statement by the

court was overruled and the twenty-first exception resulted. The expression quoted may not have been necessary to the disposition of the objection to the cross interrogatories just indicated, but it was not, in our opinion, under the circumstances, an abuse of the trial court's discretion.

Proof as to the existence of the $1,800 mortgage was competent, and the twenty-second and twenty-third exceptions, which opposed the admission of such evidence, disclose no error.

The twenty-fourth exception refers to three motions to strike out testimony, but as the motions are not included or described in the record, the action of the court in overruling them cannot be reviewed.

There was no apparent relevancy in the reference by the defendant, when testifying in the case, to a visit which he made to his brother during the period of the transaction under inquiry, and we see no reason to disapprove of the exclusion of his testimony on that subject. The twenty-fifth exception was taken because of this action.

The ruling on the subject of the twenty-sixth exception was proper for the reason we have stated in disposing of the fourteenth exception.

It was proposed on behalf of the defendant, as shown by the twenty-seventh, twenty-eighth and thirty-fourth bills of exceptions, to prove his financial worth and his ability to meet his obligations. The evidence offered for this purpose could afford no legitimate answer to the State's proof of facts constituting the embezzlement with which the defendant was charged. This proffer was properly refused.

There was nothing prejudicial to the defense in the question and answer with which the twenty-ninth and thirty-first exceptions were concerned.

The inquiry of the defendant on his cross-examination, as to what he did with the $1,800 retained by him for the payment of the first mortgage, was directly pertinent to the issue, and the court ruled correctly in allowing it to be asked as against the thirtieth exception.

The only remaining exception, the thirty-second, was taken because the State was permitted to ask the defendant on cross-examination, whether it was not true that he had never told Mr. Simmons that the $1,800 had not been paid off, which question he answered in the affirmative. This was proper cross-examination.

It was argued that the fund which the defendant failed to use for the payment of the first mortgage was not the money of Simmons, by whom it had been borrowed, but belonged to Carr, by whom it had been loaned, and that it was received and held by the defendant as agent not of the borrower but of the lender. The legal sufficiency of the evidence to support the allegations of the indictment as to the ownership of the money by Simmons and as to the defendant's receipt of it as his agent, is not a subject which requires our consideration. *Wolf v. State,* 143 Md. 489; *Weeks v. State,* 126 Md. 223; *Jessup v. State,* 117 Md. 119. In the exercise of their constitutional duty to decide as to the law and facts, the jury rendered a verdict which indicated their conclusion that the averments of the indictment had been proved beyond a reasonable doubt.

In the case of *Riley v. Woodall,* 145 Md. 125, cited for the defendant, a question of agency was considered on demurrer to a bill in equity. The facts there alleged were essentially different from those involved in the trial of the defendant for the crime of which he was accused.

*Judgment affirmed, with costs.*