## AARON FOLB *v.* STATE OF MARYLAND
[No. 10, October Term, 1935.]

*Decided October 31st, 1935.*

The cause was argued before BOND, C. J., URNER, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*James M. Roche,* for the appellant.

*Herbert R. O'Conor, Hilary W. Gans, J. Bernard Wells, William H. Maynard,* and *Thomas N. Biddison,* submitting on brief, for the State.

URNER, J., delivered the opinion of the Court.

The trial of the appellant, in the Criminal Court of Baltimore City, upon an indictment charging him with operating a gaming table, resulted in his conviction, and in a sentence of imprisonment in jail for a term of four months. Upon his appeal to this court the only questions for decision are presented on two exceptions relating to the admissibility of evidence. Another exception was reserved at the trial, but it is not noticed in the appellant's brief and will therefore be treated, under Rule 39, section 4, as having been abandoned.

The exceptions pressed on appeal were taken in the course of the testimony of a witness called by the State, who was employed at the "confectionery store with a Class D beer and wine license," where the two slot machines, mentioned in the evidence and alleged to be gaming devices, were kept and operated. The store was owned by the mother of the witness. It appears from the record that she was jointly indicted with the present appellant, and was separately tried and convicted, and sentenced to pay a fine of $200, but has not appealed. The State proved by her son, over objection, that the appellant collected weekly one-half of the money accumulated in the slot machines. It was testified by the witness that the machines were in the store when the business was acquired by his mother. The testimony showing the appellant's interest in the machines and the proceeds of their use is said to have been inadmissible because it was elicited from an accomplice and without corroboration. This was not a valid ground for such an objection. The witness

was not only competent to testify as to the facts concerning which he was questioned by the State, but he could not have been excused from testifying in the case because of his own participation in the management of the slot machines under investigation. It is provided by section 258 of article 27 of the Code: "No person shall refuse to testify concerning any gaming or betting because his testimony would implicate himself; but when any such person is required to testify in behalf of the State, he shall not be prosecuted for any offense to which his testimony relates." While it is a recognized general rule that a person accused of crime should not be convicted upon the uncorroborated evidence of an accomplice, the question as to the sufficiency of the corroboration must be left, under the Maryland Constitution, to the determination of the jury, as the judges of law and fact in criminal cases (article 15, section 5), or to the judgment of the court, when it is substituted for a jury, as in this instance, by the defendant's election. *League v. State,* 36 Md. 257. An objection that a conviction was induced by insufficiently corroborated evidence of an accomplice may be asserted by a motion for a new trial addressed to the trial court, but it is not a ground of reversal on appeal. *Luery v. State,* 116 Md. 284, 294, 81 A. 681, 685; *Wolf v. State,* 143 Md. 489, 504, 122 A. 641.

A further argument to support the exceptions relied upon was that the slot machines in question were not proved to have been used for gaming purposes as charged in the indictment. A police sergeant, accompanied by another officer, both in plain clothes, examined and "played" the machines, and the testimony of the sergeant describes the process and results of their operation. In the use of each machine the element of chance affected the value of the return to the player. If the legal sufficiency of the evidence to prove that they were gaming devices could be considered on this appeal, we should have no hesitation in holding that the trial court's affirmative conclusion was justified. *Gaither v. Cate,* 156 Md. 254, 144 A. 239; Code, art. 27, secs. 244, 245, 252-255.

But such an inquiry, in a criminal case, is not within the proper scope of appellate authority. *Simmons v. State,* 165 Md. 155, 168, 176, 167 A. 60; *Rasin v. State,* 153 Md. 431, 138 A. 338; *Doxen v. State,* 151 Md. 118, 134 A. 166; *Myers v. State,* 137 Md. 496, 502, 113 A. 92; *Newkirk v. State,* 134 Md. 310, 106 A. 694; *Weeks v. State,* 126 Md. 223, 94 A. 774; *Jessup v. State,* 117 Md. 119, 83 A. 140; *Garland v. State,* 112 Md. 83, 75 A. 631; *Wolf v. State, supra; Luery v. State, supra.*

There was no error in any of the rulings.

*Judgment affirmed, with costs.*