ELMER BRIGHT *v.* STATE OF MARYLAND

[No. 13, April Term, 1944; No. 10 (Adv.), October Term, 1944.]

*Decided June 13, 1944.*

In No. 10, the cause was argued before DELAPLAINE, COLLINS, GRASON, MELVIN, BAILEY, and CAPPER, JJ.

*Webster C. Tall* and *George W. Della,* with whom was *Lester H. Crowther* on the brief, for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* and *Thomas N. Biddison, Assistant State's Attorney for Baltimore City,* with whom were *William C. Walsh, Attorney General,* and *J. Bernard Wells, State's Attorney for Baltimore City,* on the brief, for appellee.

In No. 13, the cause was argued before DELAPLAINE, COLLINS, GRASON, MELVIN, and BAILEY, JJ.

*Lester H. Crowther,* with whom was *Webster C. Tall* and *George W. Della* on the brief, for the appellant.

The Court declined to hear argument, but *William C. Walsh, Attorney General, J. Edgar Harvey, Assistant Attorney General, J. Bernard Wells, State's Attorney for Baltimore City,* and *Thomas N. Biddison, Assistant State's Attorney for Baltimore City,* appeared on the brief for the appellee.

COLLINS, J., delivered the opinion of the Court.

Elmer Bright was convicted in the Criminal Court of Baltimore City before the trial judge, sitting as a jury, on two charges of receiving stolen goods. He was repre-

sented at the trial by attorney Albert L. Sklar. Motions for new trials were heard by the Supreme Bench of Baltimore City and denied. Bright was then sentenced to the Maryland House of Correction for one year in each case, sentences to run concurrently. Appeals to this court were filed on December 10, 1943, within two days of imposition of sentence, by attorney Simon N. Silverberg then employed as his attorney. On December 22, 1943, twelve days after the appeals were taken to this court, the appeals were dismissed by order signed by the defendant and his then attorney, Simon N. Silverberg, and the defendant was committed to the Maryland House of Correction for one year.

On January 6, 1944, attorneys Webster C. Tall and George W. Della, later employed by the defendant, filed a motion to strike out the judgments in both cases. This motion recited that the judgments were defective because the defendant had been deprived of his right of appeal by improper actions of the court and defendant's former counsel; that after an appeal from the judgment had been entered to the Court of Appeals by Simon N. Silverberg, former counsel for the defendant, the said Silverberg dismissed and withdrew the appeal and claims that he did so because he was intimidated and threatened by the trial judge whereby the defendant was deprived of his right to have his case heard by the Court of Appeals of Maryland. He further recited in his motion the convictions as aforesaid and that he did not have a fair trial. He also set out in his motion that the trial court committed error of law which the defendant was entitled to have submitted to the Court of Appeals. The error of law which he charged was the refusal of the trial judge to allow the defendant to produce a magistrate; that the testimony of the magistrate was important to a proper defense as the evidence was entirely circumstantial and the question of credibility and veracity of oral testimony was important to the defendant, and the refusal thereof was prejudicial to the defendant's rights

and interest. In the motion to strike out the judgment, he further asked the court that he be allowed to take testimony to sustain his allegations therein. Evidence was taken to support the motion. Bright testified in effect that he employed Mr. Silverberg to take an appeal for him and paid him a fee. He said that Mr. Silverberg told him that he was threatened by the court in a letter, that the appeal was not withdrawn at his request, that he wanted to continue the appeal, and that he did not know that the appeal had been dismissed until after it was done. He further said that he did not have a fair trial because a magistrate in the southern police station who was not summoned was not called to testify. He said that he was represented in the trial of the case by Mr. Albert Sklar who also represented him in the hearing on a motion for a new trial, and that Mr. Sklar withdrew from the case because there was no appealable record, no exceptions, and no question of law and that he would not take the statutory oath that the appeal was not taken for the purpose of delay. Mr. Silverberg testified substantially that he was employed in the case on December 10, 1943, that he made the affidavit that the appeal was not taken for the purpose of delay. He said that he later had a conversation with the trial judge, Honorable Eugene O'Dunne, and was told by him, "Do you know this is a matter that could be referred to the Grand Jury on the question of statutory perjury? Mr. Sklar, the trial lawyer for Mr. Bright, in my presence, has refused a substantial fee which had been offered to him to prosecute an appeal. He said he could not conscientiously make the affidavit that it was not taken for the purpose of delay." He testified that the fee which he took from Bright was not taken with the promise of prosecuting an appeal but, among other things, to advise Bright whether, in his opinion, he was justified in prosecuting an appeal. Mr. Silverberg said he received the following letter from Judge O'Dunne which was offered in evidence.

"December 20, 1943.

"Simon N. Silverberg,
"Munsey Building,
"Baltimore, Maryland.

"Dear Sir:

"In State vs. Elmer Bright, No. 4493-4 receiving stolen goods, you filed an Appeal to the Court of Appeals of Maryland on December 10th and made the statutory affidavit that said appeal is not taken for the purpose of delay.

"You were not counsel of record in the trial of the case. When you approached me for some extension of time for bill of exceptions or record—or whatever your application to me was for, I told you were skating on thin ice; that Mr. Sklar had declined a good fee in refusing to prosecute an appeal because he said he could not conscientiously make the necessary affidavit to stay execution of sentence, there being no appealable question, no exception in the record and no demurrer or pleading to raise any law questions; and that the Court of Appeals could not pass on sufficiency of evidence as to guilt or innocence, or as to law applicable to facts in such record.

"I have checked the transcript today and find that Mr. Sklar is correct; there are no exceptions and no pleading to raise any law questions.

"I again remind you of your serious responsibility in the premises."

He said that after examining the record, he felt there was sufficient to justify him in prosecuting the appeal. He further testified that after conversation with Mr. Webster Tall, one of his attorneys here, he advised him that he was sending Bright to his office and would cooperate in any way. He testified that he had withdrawn the appeal, not because he was scared of Judge O'Dunne, but because he thought, perhaps childishly, of the possibility of an indictment for statutory perjury. He said the withdrawal of the appeal was very much influenced by his conversation with Judge O'Dunne and by the letter

he received from him. After this testimony was offered, the trial judge overruled the motion to strike out the judgment and from his action in so doing, an appeal was taken to this court on January 13, 1944, by Webster C. Tall and George W. Della, attorneys who made the affidavit that the appeal was not taken for the purpose of delay. After an appeal from the judgment was taken by the same attorneys on January 18, 1944, and the same affidavit made by attorney Webster C. Tall, the defendant was released from the Maryland House of Correction on bail.

The only ground here on which the appellant bases his motion to strike out the judgment is his contention that the trial judge influenced Attorney Silverberg by threats of criminal prosecution to withdraw his appeal to this court. Article 5, Section 86, of Flack's Code, Chapter 506 of the Acts of 1892, provides in part in reference to appeals: "* * * but no appeal in a criminal case shall stay execution of sentence unless the counsel for the accused shall make oath that the appeal is not taken for delay * * *." It does not appear to this court that the *nisi prius* judge who hears the case below is a proper person to suggest to the attorney taking the appeal the possibility of criminal prosecution as a result of taking the oath that the appeal is not intended for delay. It has been almost uniformly the practice for trial judges in this State to expedite appeals under the proper rules provided therefor. The responsibility for seeing that proper action is taken against an attorney for violation of the oath for appeal certainly does not rest with the *nisi prius* judge before the appeal reaches this court.

After the appeal is taken and the questions ruled on here, the determination should then be made as to whether the appeal was taken for the purpose of delay and whether the attorney, in taking such an appeal, has violated his oath. Chapter 316 of the Acts of 1872 provided in part in reference to appeals in criminal cases: "* * * and the party tendering such bill of exception, may appeal from such ruling or determination to the

Court of Appeals; provided that the counsel for the accused shall make oath that such appeal is not taken for delay * * *." In the case of *Deckard v. State,* 38 Md. 186, the only matters raised below were an exception to the ruling upon the admissibility of evidence and a judgment overruling a general demurrer to the indictment. On appeal the exception to the evidence was abandoned. Judge Miller said in that case at pages 200 and 201 of 38 Md.: "The only matter to be reviewed on this appeal is the judgment overruling a general demurrer to the indictment. The exception taken at the trial to the ruling upon the admissibility of evidence has been very properly abandoned in this Court without argument. The correctness of that ruling is too clear to admit of a moment's doubt, and if the appeal rested alone upon that exception, there would have been great impropriety of conduct on the part of counsel for the accused in making the affidavit required by the Act of 1872, ch. 316. That Act has introduced a new feature into the administration of criminal law in this State. It allows exceptions to be taken in criminal trials to any ruling or determination of the Court in the same manner as is now practiced in civil cases, and gives an appeal from such ruling or determination, provided the counsel for the accused shall make oath that such appeal is not taken for delay. This proviso was inserted for the purpose of preventing delay in the punishment of offences, by appeals on points too plain to be controverted. It does not permit a party found guilty of crime to secure a postponement of punishment consequent upon an appeal, by taking this oath, but requires it to be made in all cases where the accused is the appellant, by his counsel, thus requiring a solemn pledge from the judgment and conscience of one who is a member of a learned and honorable profession, that he believes the rulings against his client are erroneous. It is the duty of this court to see to it, so far as it may have power, that the intention of the Legislature in imposing this wholesome and salutary restriction upon appeals in such cases is not defeated. But we assume

this affidavit was made not in view of the exception re-
ferred to, but of the judgment overruling the demurrer
to the indictment, and was hence very properly made."
In the case now before this court the trial judge, well
recognizing that this court could not pass upon any
matter in the trial below as hereafter pointed out, was
perhaps overzealous in seeing that there was no stay
in the execution of sentence rather than acting to ob-
struct the appeal. The appeal, of course, could have
been taken without counsel making oath that it was not
taken for delay. In that case, of course, there would
have been no stay in the execution of the sentence. The
record in this case, the appeal from the motion to strike
out the judgment, does not contain the transcript of the
proceedings in the criminal court in which the defen-
dant was found guilty nor any of the rulings of the
trial court thereon. We are therefore unable to pass
upon the motion to strike out the judgment, and the
appeal to this court from that motion will therefore be
dismissed. The docket entries in that case, however,
show that another appeal was taken from the judgment
to this court on January 18, 1944, by Webster C. Tall
and George W. Della for the defendant, the oath that
said appeal was not taken for the purpose of delay being
made by Webster C. Tall. On account of the allegation
by attorney Silverberg and the testimony presented that
the dismissal of the appeal taken on December 10, 1943,
was influenced by the conversation with the trial judge
and on account of the letter written by the trial judge
to Mr. Silverberg, this court on its own motion and
volition ordered the appeal from the judgment advanced
to this term in order that that appeal might be consid-
ered with the appeal from the motion to strike out the
judgment.

We will now consider the appeal of Elmer Bright from
the judgment entered on a verdict of guilt of receiving
stolen goods. On account of the evidence in the case
hereinbefore considered as to why the appeal in this
case was dismissed and as this court of its own volition

ordered this case sent here, numerous irregularities in the time of transmitting the record to this court and in the form of the record will be disregarded here. *Cahill v. Baltimore City*, 93 Md. 233, 48 A. 705; *Koenig v. Ward*, 104 Md. 564, 65 A. 345. Bright had previously been convicted in another case of receiving stolen goods by another trial judge and sentenced to four months in the Maryland House of Correction. At the time of his arrest in the instant case, he had $3,400 in cash in his possession. In the case now being considered, two police officers testified that some of the stolen tires were found inside of the building occupied by Bright as a garage. The defendant claimed that these tires were found in automobiles on his parking lot. After the State and defense had closed the case, the following remark was made to the court by Mr. Sklar, the defendant's then attorney: "Your Honor, I have been interrupted by my client to the effect that it might be important to call the Court's attention that ten tires were taken from two cars—to summon the magistrate from the police station, who incidently was not magistrate Liss." To which suggestion, the Court replied: "I don't believe it makes very much difference except as to accuracy of recollection. After you got the Magistrate you wouldn't know whether his recollection was the more accurate. Detective Butler is definite he saw four tires taken out of one car and three more from another car, and that they were taken with the Defendant to the station house. Somebody may say there were ten taken, including the six." Defendant now claims that this conversation between the attorney for the defendant and the court constituted a "motion to be allowed to present additional evidence in defense." From the refusal of the trial court to grant this so-called motion, he appeals to this court.

This refusal to which no objection or exception was taken constitutes the sole ground of defendant's appeal from the judgment. The testimony sought to be offered was that of the magistrate who conducted the preliminary hearing in the case as to testimony before him of Lieu-

tenant Maggersupp who was present when some of the tires were found. Lieutenant Maggersupp did not testify in the trial of the case below, and any statement made by him at the hearing before the magistrate would be hearsay evidence in the case now before this court and clearly inadmissible. Defendant seriously contends in this court that by reason of Rule 9 of the General Rules of Practice and Procedure, adopted by this court and effective September 1, 1941, the trial being before the court sitting as a jury, "no request for instructions and no objections or exceptions to the judgment or to the opinion of the Court are required for the purpose of review and that on appeal the Court of Appeals may review upon both the law and the evidence." It is manifest that Rule 9, supra, does not apply to criminal cases for Article 15, Section 5 of the Maryland Constitution provides: "In the trial of all criminal cases, the jury shall be the Judges of Law, as well as of fact." The facts and evidence of the case are not before this Court. Under the Maryland Constitution, Article 15, Section 5, supra, the jury are the judges of law and fact in criminal cases, or the trial court, when it is substituted for a jury, as here by the defendant's election. *League v. State*, 36 Md. 257; *Folb v. State*, 169 Md. 209, 211, 181 A. 225. We are limited in our review of the case to errors of law committed by the trial court in its rulings. The matter here raised could have been, and according to the docket entries was, presented to the trial court in a motion for a new trial and refused by the Supreme Bench of Baltimore City. *Lanasa v. State*, 109 Md. 602, 610, 71 A. 1058; *Meyerson v. State*, 181 Md. 105, 28 A. 2d 833.

As above pointed out, no objection or exception was taken to the refusal of this so-called motion which appears to be a suggestion rather than a request. We are therefore prevented from considering this refusal, the only question presented on this appeal. This court has frequently said that no consideration can be given here to the ruling of the trial court where there is no objection or exception. *Klecka v. State*, 149 Md. 128, 131 A.

29; *Deibert v. State,* 150 Md. 687, 692, 693, 133 A. 847; *Raisin v. State,* 153 Md. 431, 441, 442, 138 A. 338; *Scarlett v. Young,* 170 Md. 358, 365, 185 A. 129; *Clawns v. State,* 179 Md. 644, 647, 22 A. 2d 464.

Appellant contends that the failure to allow the magistrate to testify as to what a witness said before him, that witness not being called at the trial below, constitutes a violation of the Sixth Amendment of the Constitution of the United States. That amendment provides that in all criminal prosecutions the accused shall enjoy the right to be informed of the nature and cause of the accusation. The Fourteenth Amendment of the Federal Constitution provides that no State shall deprive any person of life, liberty or property without due process of law. Practically the same declarations are contained in the Twenty-first and Twenty-third Articles of the Declaration of Rights of Maryland. The object of these provisions is to declare and secure to the people their pre-existing rights as those rights have been established by usage and settled course of law. *Lanasa v. State,* supra, 109 Md. 602, 610, 71 A. 1058. Statements made by Lieutenant Maggersupp at the preliminary hearing might have been admissible in the trial below for the purpose of impeaching him, not as substantive evidence, if he had testified in the trial. *State v. C. J. Benson & Co.,* 129 Md. 693, 698, 100 A. 505; *Foble v. Knefely,* 176 Md. 474, 485, 6 A. 2d 48. As he did not testify in the case below the refusal of the trial court to allow this testimony to be introduced, the sole question in this appeal, is plainly no deprivation of defendant's constitutional rights because that testimony was purely hearsay evidence and therefore clearly not admissible. *Willner v. Silverman,* 109 Md. 341, 360, 71 A. 962, 24 L. R. A., N. S., 895; *Sumwalt Co. v. Knickerbocker Ice Co.* 114 Md. 403, 417, 80 A. 48; *Walters v. State,* 156 Md. 240, 242, 144 A. 252. The judgment will therefore be affirmed.

Appeal from order overruling motion to strike out judgment dismissed. Costs to be paid by appellant.

*Judgment affirmed, with costs.*