BOZMAN *v.* STATE

[No. 156, October Term, 1948.]

*Decided May 19, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Joseph G. Finnerty* for appellant.

*Harrison L. Winter, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, J. Bernard Wells, State's Attorney for Baltimore City,* and *Wm. J. O'Donnell* and *James F. Price, Assistant State's Attorneys for Baltimore City,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Delmas Edward Bozman, appellant, from a judgment and sentence to death by the Criminal Court of Baltimore City.

Testimony offered at the trial tended to establish that the appellant, 22 years of age, and a member of the United States Coast Guard, on May 25, 1948, left his ship, docked at Pratt Street, Baltimore City, and with a fellow seaman attended a motion picture show. Later that evening appellant returned to his ship where he secured a revolver which he loaded and he then returned to the City. After spending several hours on the City streets, at about midnight he hailed a taxicab at Druid Hill and North Avenues. He told the driver to take him to 5447 Lynview Avenue where he and his wife had

formerly occupied the second floor apartment. After another passenger in the cab had been discharged, the cab proceeded to Lynview Avenue and stopped in the alley in the rear of the 5400 block as the front street was not paved. At that point appellant told the driver: "This is a hold-up". He said the driver turned suddenly around and he thought he was going to fight or had a gun. "All of a sudden" appellant's gun went off and he became frightened and he did not know what he was doing. The cab driver was killed as a result of this bullet wound. Appellant reached over and took a wallet from the right coat pocket of the taxicab driver and ran up the alley and half a block over to Reisterstown. After taking the money out of the wallet he threw it in a hedge on the Reisterstown road. He then boarded a street car and returned to his ship. He used the money to pay bills. He retained possession of the loaded gun after he was transferred to Shark Finn Shoals Lighthouse at Deals Island. He kept the gun under his mattress at the Lighthouse and later removed it to his sister's home at Deals Island. He later hid it near a telephone pole just prior to his arrest. The gun described in appellant's confession was found by the police alongside the telephone pole indicated to them by the accused. An examination of it, together with the bullet found in the body of the deceased, tended to show that the bullet had been fired from that gun.

The appellant contends in this Court that the evidence does not justify the finding of premeditated killing and hence a verdict of murder in the first degree. The indictment in the case charged that the defendant "on the twenty-sixth day of May, in the year of our Lord nineteen hundred and forty-eight, at the City aforesaid, feloniously, wilfully and of deliberately premeditated malice aforethought did kill and murder Cornelius McDowell, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

Appellant contends that the State elected to proceed under Code, 1939, Article 27, Section 478, which provides in part that all murder committed in the perpetration of a robbery shall be murder in the first degree, and that the trial judges stated at the conclusion of the argument: "We believe the killing was a premeditated killing. This was a brutal, unprovoked, and premeditated murder, committed in the course of the robbery of a defenseless man." Appellant contends that if the killing was premeditated then it must also have been wilful and malicious and done with deliberation while having been committed in the course of the robbery. It is clear, however, that the trial judges found that the murder was committed in the perpetration of a robbery in violation of Article 27, Section 478, *supra*.

Code, 1939, Article 27, Section 665, provides: "In any indictment for murder or manslaughter, or for being an accessory thereto, it shall not be necessary to set forth the manner or means of death. It shall be sufficient to use a formula substantially to the following effect: 'That A. B., on the ———— day of ———————— nineteen hundred and ————————, at the county aforesaid, feloniously (wilfully and of deliberately premeditated malice aforethought) did kill (and murder) C. D." This Court held in the very recent case of *Wood v. State*, 191 Md. 658, 62 A. 2d 576, decided December 9, 1948, that Article 27, Section 665, *supra*, covers "any indictment for murder or manslaughter, or for being any accessory thereto".

Therefore there appears to be no inconsistency between the indictment, the evidence, and the verdict of the trial judges sitting as a jury. It has been stated many times by this Court that the weight and legal sufficiency of the evidence in a criminal prosecution is a question for the jury or the trial judges sitting as a jury, as in the instant case, and cannot be reviewed by this Court on appeal. *Newkirk v. State*, 134 Md. 310, 312, 106 A. 694; *Folb v. State*, 169 Md. 209, 212, 181 A. 225; *Wilson v. State*, 181 Md. 1, 7, 26 A. 2d 770; *Bright*

*v. State,* 183 Md. 308, 318, 38 A. 2d 96; *Jones v. State,* 188 Md. 263, 52 A. 2d 484; *Davis v. State,* 189 Md. 269, 55 A. 2d. 702; *Hill v. State,* 190 Md. 698, 59 A. 2d 630; *Slansky v. State,* 192 Md. 94, 63 A. 2d 599; *Cox v. State,* 192 Md. 525, 64 A. 2d 732.

The question of sentence is one for the trial judges and cannot be passed upon by this Court. *Duker v. State,* 162 Md. 546, 547, 548, 160 A. 279; *Walker v. State,* 186 Md. 440, 444, 445, 47 A. 2d 47; *Cox v. State, supra.*

As we find no error the judgment and sentence will be affirmed. The appeal being *in forma pauperis,* the costs will be paid by the State of Maryland. Code, 1947 Supplement, Article 5, Section 88A.

*Judgment affirmed, without costs.*