. Washington Smith *vs.* J. Gruber Wood.

*Appeal—Replevin—Evidence—Construction of the Act of 1864, ch. 109, sec. 2—Practice—Right of Surviving Partner to possession of the Partnership property —Verdict on One only of Several issues Defective— Motion in arrest of Judgment.*

Matters within the discretion of the Court below are not subject to review upon an appeal.

In replevin against the administrator of a deceased partner *individually*, for tortiously taking and holding the property of the plaintiff, who was the surviving partner, the latter offered himself as a witness; Held:

1st. That he was not within the prohibition of the second section of the Act of 1864, ch. 109. Although a contract between the plaintiff and his deceased partner might incidentally arise, it was not the subject-matter of the suit, and there was no reason, under said section, why the plaintiff was not a competent witness.

2d. That the fact that the plaintiff was cultivating land with the deceased in his lifetime, was properly admitted as a link in the evidence to establish such an ownership in the property replevied, as would entitle him to its possession as surviving partner.

The offer in evidence of a part of a statement or conversation always gives to the opposite party the right to have the whole.

The question of the admissibility of testimony, under the issues of the Court below, is wholly immaterial, if it be obvious that the testimony admitted was without the slightest injury to the party objecting to it.

A party may prove that all the property mentioned in a certain schedule is his, without being required to prove title to each article severally. If the opposite party has a reason for requiring the witness to speak of each article separately, he can accomplish his purpose upon cross-examination.

In an action of replevin, the defendant pleaded, among other pleas, that the articles sued for were the property of William C. Smith, deceased. The plaintiff offered to prove, by a witness, certain statements of said William C. Smith, affecting the title to the property. On objection, Held:

1st. That this testimony was within the rule of hearsay evidence, and should have been rejected, inasmuch as said Smith was not a party to the suit, and the defendant had not offered any proof that he claimed under him, nor was his title a question at issue.

2d.. The plea of the defendant, "of property in William Smith," did not involve his title to the goods replevied, but had the effect only of casting upon the plaintiff the burden of proving his own title.

Orders and directions of the plaintiff in replevin, in regard to the property sued for, are acts of ownership over the property in dispute, and as such, may be given in evidence by him.

The plaintiff in replevin may recover property, to the possession of which he may be entitled as surviving partner, without having declared as such.

Where several instructions are asked, and some are granted, and others rejected, if those granted cover the whole ground, judgment will not be reversed because some of those rejected were proper to be granted.

Where a plaintiff sues in replevin to recover property taken and held by an administrator, in his representative capacity, the suit should be brought against the defendant individually, and not as administrator.

A surviving partner may maintain replevin for partnership property against the administrator of the deceased partner.

The plaintiff in replevin may recover both for property claimed in his individual right, and for property claimed as surviving partner.

A verdict was rendered in replevin only upon the issue joined on the plea of *non cepit*, and was silent as to the other issues. A motion in arrest of judgment, wherein this omission was not noticed, was made by the defendant, and overruled by the Court. HELD:

1st. That the verdict was defective, and no judgment should have been rendered upon it.

2d. That although the point was not made in the Court below, it was properly before the Appellate Court.

The Act of 1862, ch. 154, which provides that "the Court of Appeals shall, in no case, decide any point or question which does not appear by the record to have been tried and decided by the Court below," does not apply to motions in arrest of judgment.

APPEAL from the Circuit Court for Frederick County.

This is an action of *replevin*, brought by the appellee against the appellant. The defendant pleaded four pleas,

viz.: 1st. *Non cepit.* 2d. Property in defendant, as administrator of William Smith, deceased. 3d. Property in William Smith, deceased. And 4th. Property in William Smith, at the time of his death. On these pleas, issues were joined, and the verdict was for the plaintiff, with one cent damages, in the following words: "That the said Washington Smith took the above-mentioned goods and chattels, in manner and form, as the said J. Gruber hath above declared against him, and they assess the damages of him, the said J. Gruber, on occcasion of the premises, to the sum of one cent." After verdict, the defendant moved in arrest of judgment, on the ground that a large portion of the goods declared for were not replevied by the sheriff. Thereupon the plaintiff entered a "*remittitur*" as to the excess of goods declared for and not replevied. The motion in arrest was then overruled and judgment entered, and thereupon the defendant took this appeal.

The cause was argued before BARTOL, C. J., BRENT, GRASON and MILLER, J.

*Wm. P. Maulsby,* for the appellant.

*Frederick J. Nelson* and *Alexander Randall,* for the appellee.

BRENT, J., delivered the opinion of the Court.

This is an action of replevin brought by the appellee in his own right, to recover certain goods and chattels from the appellant. The pleas are *non cepit,* property in the defendant as administrator of William Smith, deceased, and property in William Smith in his lifetime. The verdict and judgment being against the defendant, he prosecuted his appeal to this Court.

In the course of the trial an unusual number of exceptions was taken, and as we are required by a special law to decide all questions raised upon an appeal, we will

express our opinion upon each point presented by this very voluminous record.

The *first*, *tenth*, and *fifteenth* exceptions present questions which come within the *discretion* of the Court below. Under the repeated decisions of this Court, they are not matters subject to review upon an appeal.

The *second* exception is to the competency of the plaintiff as a witness. He is clearly not within the prohibition of the 2d section of the Act of 1864, ch. 109. The defendant is not sued as administrator or executor, but the action is brought against him individually for tortiously taking and holding the property of the plaintiff. Although a contract between the plaintiff and his deceased partner may incidentally arise, it is not the subject-matter of the suit, and there is no reason, under the section alluded to, why the plaintiff is not a competent witness.

The testimony objected to in the *third*, *fourth*, *eleventh*, and *fourteenth* exceptions was admissible, as tending to show the plaintiff's right to the possession of the property replevied. The fact that he was cultivating land in partnership with William Smith in his lifetime, is a link in the evidence to establish such an ownership in the property replevied as would entitle him to its possession as surviving partner. It is not of so light and trivial a character, and so immaterial to the issues in the case as would have required or authorized its rejection by the Court below.

We see no error in admitting the testimony objected to in the *fifth* and *sixth* bills of exceptions. The defendant, upon his cross-examination of the Sheriff, gave in proof that the plaintiff being present at the time the property was taken under the writ of replevin, "claimed the property, and pointed out the goods and chattels which were replevied." This certainly entitled the other party to offer in evidence all that was said by the plaintiff at the time, in reference to his claim of the property. The offer

in testimony of a part of a statement or conversation, upon a well-established rule of evidence, always gives to the opposite party the right to have the whole.

The *seventh* exception presents a question wholly immaterial. The testimony excepted to is the statement of the plaintiff, that he had received from the Sheriff the property mentioned in the schedule. It may not have been admissible under the issues, but it is without the slightest injury to the appellant.

The *eighth* and *ninth* exceptions are taken to the offer to prove by the plaintiff as a witness, that all the property mentioned in the schedule was his property, upon the ground "that it was not permissible to the plaintiff to prove title to all the goods and chattels in the schedule mentioned, in gross, but that he must prove title to each of said goods and chattels severally." We see no force in the objection. If the counsel for the appellant had a reason for requiring the witness to speak of each item of property separately, he could have accomplished his purpose upon cross-examination.

The *eleventh* exception is to the offer of the plaintiff to prove by the witness, Hamilton, "that William Smith, deceased, had told the witness that he, said Smith and the plaintiff, were farming the Webster place together as partners, in the spring of 1865." The Court below was clearly in error in permitting this testimony to be given. It is within the rule of *hearsay* evidence, and should have been rejected. Smith was not a party to the suit, and the defendant had not offered any proof that he claimed under him, nor was his title the question at issue. The plea of the defendant "of property in William Smith," did not involve his title to the goods replevied, but had the effect only of casting upon the plaintiff the burden of proving his own title. *Warfield vs. Walter*, 11 *G. & J.*, 80; *Cumberland Coal Co. vs. Tilghman*, 13 *Md.*, 74.

The *twelfth* and *fourteenth* exceptions present objections

to evidence, a portion of which was admissible. The statements testified to of Smith and the plaintiff are inadmissible, because hearsay; but the orders of Wood about stock, and the circumstance of his being engaged together with Smith in ploughing in oats on the Webster place, are facts properly admissible as tending to establish a partnership. The law is well settled, that if a portion of the evidence excepted to is admissible, the party excepting loses the advantage of his objection. *Waters vs. Dashiell*, 1 *Md.*, 455 ; *Emory vs. Owens*, 3 *Md.*, 178 ; *Hatton vs. McClish*, 6 *Md.*, 407.

The testimony objected to in the *thirteenth* exception does not come within the rule of hearsay evidence. The orders and directions of the plaintiff, testified to by the witness, are acts of ownership over the property in dispute, and as such, were properly admitted by the Court.

The *sixteenth* exception was very properly abandoned.

The *seventeenth* and *eighteenth* exceptions present the question of the admissibility of the assessors' books. The Court was right in rejecting the testimony under the decision in the case of *Chew vs. Beall*, 13 *Md.*, 349, which is decisive upon the point.

The testimony offered by the defendant in the *nineteenth* exception was wholly immaterial, as tending to any issue in this case, and therefore inadmissible. We cannot perceive how the amount of debts exhibited in the Orphans' Court against a party deceased, can have any tendency to prove the amount and description of property he owned in his lifetime.

The testimony offered in the *twentieth*, *twenty-first* and *twenty-second* exceptions, and rejected by the Court, is *hearsay*. It was an offer to prove what Smith had said, in his lifetime, to the several witnesses, and was inadmissible under the plainest rules of evidence.

The first prayer of the defendant, in the *twenty-third* exception, presents the question, whether the plaintiff can

recover in this action property, to the possession of which he may be entitled, as surviving partner, without having declared as such. The only authority referred to by the appellant's counsel on this point, 1 *Chitty's Plea*, 19, is in reference to actions on contract. In actions of that sort, it is necessary to declare as surviving partner. The reason of the rule is, as argued by the counsel for the appellee, "a supposed variance between the contract proved, and the contract laid." 1 *Saunders' R.*, (*6th Edit.*,) 291, *i.* This rule does not apply to the present action. It is not founded upon *contract*, but is an *action of tort.* The question here involved is the right of possession. The proof of the right of possession is sufficient to enable the plaintiff to recover under the allegation in his declaration, and the *quo modo* of that right cannot be held to be a variance. We therefore think the prayer was properly rejected.

The first, second, fourth, fifth, sixth, seventh and tenth prayers in the *twenty-fourth* exception are directed to the plea of *non cepit.* The second, seventh, and tenth prayers were granted by the Court, and cover the whole law in the case upon this point. There certainly was sufficient evidence to go to the jury, from which they might reasonably infer a taking of the property by the defendant. After it was appraised, it was placed by the defendant in the care and custody of Zimmerman, who thereby became his agent, and his custody was, in fact, that of the defendant. As the law was correctly given upon this point, in the instructions granted, it is not necessary to determine whether or not the first, fourth, fifth, and sixth prayers were properly rejected. It is well settled, that "where several instructions are asked, and some granted, and others rejected, if those granted cover the whole ground, judgment will not be reversed, because some of those rejected were proper to be granted." *Mutual Safety Ins. Co. vs. Cohen*, 3 *Gill*, 459; *N. Y. Life Ins. Co. vs. Flack*, 3 *Md.*, 341; *Pettigrew vs. Barnum*, 11 *Md.*, 434; *B. & O. R. R.*

*Co. vs. Resley*, 14 *Md.*, 424; *Keech vs. B. & W. R. R. Co.*, 17 *Md.*, 32.

The third and ninth prayers present the question, whether the defendant should have been sued in his representative capacity as administrator. Clearly not. There is no tort alleged or proved to have been committed by the intestate in his lifetime; and if it were held that this action should have been brought against the defendant as his administrator, it would be holding the estate of the deceased liable for a *tort*, with which he had not the slightest connection.

The eighth and eleventh prayers present the question, whether a surviving partner can maintain replevin for partnership property against the administrator of the deceased partner. An action of replevin can be maintained by him who has the right of possession, and that the surviving partner is entitled to possession of the partnership effects is undoubted law. It is true, that he is tenant in common with the representatives of his deceased partner, but this "tenancy in common exists, as to the effects of the partnership, only as to *property*, and not as to *possession*." *Parsons on Partnership*, 441. By which we understand the author to mean, that the tenancy in common exists as to the beneficial interest, and not as to the legal title and right of possession. These are in the surviving partner. In *Collyer on Partnership*, sec. 129, it is said, "Although for the purpose of encouraging trade, it is held that the harsh doctrine of *jus accrescendi*, which is an incident of joint tenancy at the common law, does not apply to the partnership property, yet on the decease of one of the partners, as the surviving partners stand chargeable with the whole of the partnership debts, the interest of the partners in the partnership property shall be deemed so far a *joint tenancy*, as to enable the *surviving partner to take the property by survivorship, for all purposes of holding and administering* the estate, until the effects are reduced to

money, and the debts paid." In *Parsons on Partnership*, *p.* 440, it is said, " The death of a partner invests the surviving partners with the *exclusive right of possession* and management of the whole partnership property and business." The representative of the deceased partner has never been held to be entitled to its custody and control, and he has no more right of possession than an entire stranger. We therefore think these prayers were properly refused by the Court.

The first, second and third prayers in the *twenty-fifth* exception ask the Court to instruct the jury that the plaintiff cannot recover in this action, both for property claimed in his individual right, and for property claimed as surviving partner. We think he may recover any of the property replevied, to which he is able to establish by proof, satisfactory to the jury, his *right of possession*. The fourth prayer in this exception is disposed of by what has been said in regard to the eighth and eleventh prayers in the preceding exception.

The prayer in the *twenty-sixth* exception, and that in the *twenty-seventh* and last exception, are also disposed of by what has already been said.

The motion in arrest of judgment should have been granted by the Circuit Court. The verdict is not a general one. It is rendered only upon the issue joined on the plea of *non cepit*, and is silent, so far as we are informed by this record, as to the other issues. In this respect, it is-defective, and no judgment should have been entered upon it. Although this point was not made in the Court below, it is properly before us, notwithstanding the provision of the Act of 1862, ch. 154, that " the Court of Appeals shall in no case decide any point or question which does not appear by the record to have been tried and decided by the Court below." This Act is substantially the same as the Act of 1825, ch. 117, sec. 1, and it was decided in the case of *Charlotte Hall School vs. Greenwell*, 4

*G. & J.*, 407, that that Act did not apply to motions in arrest of judgment, because, on such motion, the whole record is brought before the Court. *Morgan vs. Briscoe & Clarke,* 4 *Md.*, 273.

As there was error in admitting the testimony objected to in the *eleventh* exception, and in refusing to grant the motion in arrest of judgment, the judgment of the Court below must be reversed.

*Judgment reversed, and procedendo awarded.*

(Decided 2d July, 1869.)