REGINALD E. WALTERS *v.* STATE OF MARYLAND.

[No. 48, October Term, 1928.]

*Decided January 16th, 1929.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Ellsworth R. Roulette* and *A. S. Mason,* for the appellant.

*Robert H. Archer, Assistant Attorney General,* and *Harper Ballentine, State's Attorney for Washington County,* with whom were *Thomas H. Robinson, Attorney General, John Hubner Rice, Assistant Attorney General,* and *Saul Praeger,* on the brief, for the State.

ADKINS, J., delivered the opinion of the Court.

Reginald E. Walters, the appellant, was a prohibition agent working under Hunter R. Stotler in the vicinity of Hagerstown, Maryland. Since the spring of 1927, Stotler, whose headquarters were in Cumberland, had stayed at the home of Walters in Hagerstown when at work in that section.

Early Sunday morning, July 17th, Walters found his wife was not in their room and, suspecting that there had been illicit relations between her and Stotler, crept down stairs, found them together and accused them of having improper relations, which they both then denied. Mrs. Walters testified that on the following Tuesday and Thursday she confessed to her husband that she had had illicit relations with Stotler and promised that she would never see him alone again; that some time between May and July 17th, she discussed with Stotler what her husband might do if he knew

what had happened between them, "I said, what would you do if my husband came here or came near and caught us? He said, what would he do? I said, we would both be killed if he had anything to kill us with. He said, well I suppose I can shoot as straight as he can, or at least his words meant that he could use the same means to kill, anyhow. I think I told my husband what Mr. Stotler said."

The relations between Stotler and Walters were apparently friendly, even after this. On the evening of July 26th, Stotler with some other revenue officers came to Hagerstown and stopped at Walters' home and made arrangements to spend that night there. About eight o'clock that evening Stotler and Walters started out together in Walters' car. They first went to the home of a lady who had reported a still in operation in that neighborhood, and then continued up the mountain road in search of the still. Later in the night Walters drove his car into Funkstown, stating that Stotler had been shot and was dying. The explanation first given was that they had been fired upon from ambush. Walters subsequently admitted that he shot Stotler, but claimed it was in self defense.

The verdict of the jury was guilty of murder in the first degree without capital punishment; on which defendant was sentenced by the court to imprisonment in the Maryland Penitentiary for the period of his natural life. This appeal is from that judgment.

There were fifteen exceptions to rulings on evidence and two to statements made by the court during the argument.

The first exception was to permitting Mrs. Hunter R. Stotler to state that the purpose of her husband's visit to Hagerstown on July 26th was to investigate Mr. Walters. If that was merely hearsay testimony it should have been excluded.

We find no error in the rulings involved in the second, third, and fourth exceptions. The questions and answers related to a possible motive and were not objectionable. 30 *C. J.,* p. 187; 13 *R. C. L.,* p. 910; *Frick v. State,* 128 Md. 122.

We are unable to understand on just what defendant's fifth, sixth, seventh, eighth, and ninth exceptions are based, unless the objections be that the questions and answers brought out only part of a confession. That would have been a good objection if it then appeared that there was more in the confession; but the record does not show that it did so appear; or that the objections were based on that ground. So far as appears from the record these rulings were correct. The State, however, should have offered the whole confession.

The ground of objection in the tenth exception is that defendant was not permitted to cross-examine witnesses for the State as to whether anything else was said by defendant in the alleged confession made by him other than what had been testified to by them. The court seemed first to take the position that defendant must proffer what he expected to prove. In this the court was in error. "When part of a conversation is introduced it is always permissible upon cross-examination to show the whole conversation." *Koogle v. Kline,* 110 Md. 607. "The offer in testimony of a part of a statement or conversation, upon a well established rule of evidence, always gives the opposite party the right to have the whole." *Smith v. Wood,* 31 Md. 293.

The eleventh, twelfth, thirteenth, fourteenth, and fifteenth exceptions were to the refusal of the court on proffer by defendant to prove on cross-examination qualifying statements made by him in his confession, in connection with the admission of the shooting, which amounted to a claim that he was acting in self-defense. These rulings were erroneous for the reasons set out in connection with the tenth exception.

The sixteenth and seventeenth exceptions relate to certain remarks made by the court in the course of argument by appellant's counsel. These remarks, we think, were relieved of whatever prejudicial effect they might have had as originally made by the explanation of the court, included in which explanation was a statement by the judge that he meant no more by the remarks objected to than counsel for appellant agreed was the law of the case.

On the day of the argument in this court, a motion was filed to dismiss the appeal because the record was not sent up within the time fixed by the rule. Appellant contends that the delay was not due to any fault of his, or that, at any rate, appellee was equally responsible. We do not find it necessary to decide this point. Rule 47 requires that all motions to dismiss appeals shall be filed at least five days before the cases are called for argument, unless the motion be based on some cause arising after that time. It is true there is a proviso that this rule shall not be construed to prevent the court from dismissing an appeal on its own motion when that is deemed proper. But we do not think that discretion should be exercised to the prejudice of the appellant in a case of this gravity. *Deems v. State,* 127 Md. 624.

*Judgment reversed, and new trial awarded.*