# RICHARD CECIL GROVE v. STATE OF MARYLAND
## [No. 17, October Term, 1945.]

*Decided January 8, 1946.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*D. Angle Wolfinger* for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* with whom were *William Curran, Attorney General,* and *Mar-*

*tin L. Ingram, State's Attorney for Washington County.* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

The grand jury for Washington County returned an indictment which charged "that Richard Cecil Grove, late of Washington County aforesaid, on the 6th day of October, A. D. 1944, with force and arms at Washington County aforesaid, a certain storage building (not a parcel of a dwelling house) the property of Christy McEwen, t/a McEwen Furniture Company, wilfully and maliciously did set fire to and burn." To this indictment the defendant pleaded not guilty and elected to be tried before the court, without the aid of a jury. The court rendered a verdict of guilty and thereafter sentenced Grove to "be confined in the Maryland Penitentiary for the period of Seven Years." The traverser appealed to this Court.

In the fall of 1944 several fires occurred within the limits of the City of Hagerstown. On the 26th day of October, 1944, the traverser was taken to police headquarters in Hagerstown, where he confessed that he set fire to the building of the McEwen Furniture Company on October 6, 1944. This confession was taken down by a stenographer, in shorthand. The traverser then told the police he started another fire, referred to as the "Ayers" fire. The stenographer took the second confession in shorthand. While he was transcribing his notes of these confessions, the police took the traverser to the scene of the two fires mentioned, and upon returning to headquarters Grove gave another statement confessing his guilt in setting fire to a barn on a farm owned by the City of Hagerstown; and a final and fourth statement confessing his guilt in setting fire to the Howard Brothers' building. The statement concerning each fire was typewritten separately and each was signed by Grove. Each confession was complete in itself and referred only to one fire.

At the trial of the case the confession of the accused, that he set fire to the storage building of Christy McEwen, trading as the McEwen Furniture Company, was offered in evidence. No contention is made that this confession was obtained by fear or any hope or inducement held out to the traverser by the officers obtaining it. The sole contention of traverser is that his confessions concerning other fires than the one for which he was on trial should have been admitted in evidence, because all of the confessions constituted one conversation, and that the alleged falsity of the confessions, that traverser set fire to other buildings than the one for which he was being tried, tended to cast doubt upon the truth of the confession of the crime charged in the indictment. This is the sole question presented on this record.

The traverser, in his brief, states: "We respectfully submit that the trial Court erred in its rulings and that the error is substantial and prejudicial when it refused to allow the defense to show that the Appellant confessed to all four fires at one time and that it was in one entire confession and that they should have been allowed to produce evidence showing the confessions in the other fires to be false and untrue as reflecting upon the weight or credibility to be given to the confession and statement made in this case, the McEwen fire."

The traverser's position is, although he does not specifically deny that he told the truth when he confessed that he set fire to and burned the storage building of McEwen, that, nevertheless, he did not tell the truth in other confessions and that he should be allowed to show this "as reflecting upon the weight or credibility to be given to the confession and statement made in this case, the McEwen fire." This contention is untenable.

All of the confessions were separate and distinct and signed by the accused. The law is clear on the subject.

"When the parts of a conversation connected with a confession of the crime charged can be separated from those relating to other offenses, only those parts which

are material to the crime charged should be received in evidence." *American Jurisprudence*, Vol. 20, Sec. 489.

"Confession of another crime not separable from competent confession of crime charged, may go to the jury under cautionary directions; but if separable, its admission is reversible error." *Underhill's Criminal Evidence*, 4th Ed., p. 513.

"Confession made by an accused of an offense different from that with which he is charged and in no way connected with it, is not admissible on his trial for the offense charged."

"In cases in which the confession includes another offense than the one charged, the confession must be separated so that the relevant part only may be submitted to the jury, but where this cannot be done it is proper to submit the entire confession to the jury, with proper instructions entirely to disregard the irrelevant parts of the confession treating of the other crime or crimes confessed." *Wharton's Criminal Evidence*, 11th Ed., Secs. 598-606.

"It is quite obvious that a witness in relating a conversation with a person accused of crime, where it contains statements relative to the one under investigation as well as other matters, cannot well repeat only a part of the conversation without making such witness the judge of what pertains to the crime under investigation. In order to portray a true and accurate picture of what took place the conversation should be related in full, and if there be any matters not bearing directly upon the offense under consideration they may be eliminated from the consideration of the jury by proper instruction of the court. Of course, if there is a separate conversation in which a different crime is admitted it should not be received." *People v. Hurry*, 385 Ill. 486, 52 N. E. 2d 173, 176.

"Of course, parts of the conversation having no reference whatever to the issue upon trial are not admissible under the rule that a party is entitled to the entire conversation. The rule means only that he is entitled to the

entire conversation bearing upon the subject in controversy." *People v. Bowen*, 170 Mich. 129, 135 N. W. 824, 827.

In the State's brief it is stated: "Evidence that a confession of another crime was false would not tend to prove that the confession of the crime charged in the indictment was likewise false. Such evidence would establish only the falsity of the confession of a crime for which the accused was not on trial and would be wholly irrelevant to the issue and, hence, inadmissible. In order to determine the truth or falsity of the confessions of the other crimes, the court would be called upon to receive evidence concerning offenses not charged in the indictment in this case. The practical effect would be that the State, in order to prove one case, would be required to establish the appellant's guilt in four cases." In this we agree.

The traverser relies upon the case of *Walters v. State*, 156 Md. 240, 144 A. 252. This case has no application here. In that case there was only one confession involved. The court quoted from *Smith v. Wood*, 31 Md. 293: "The offer in the testimony of a part of a statement or conversation upon a well established rule of evidence, always gives to the opposite party the right to have the whole." [156 Md. 240, 144 A. 253.]

In the case at bar the whole of the conversation of the traverser that he burned the storage building of McEwen was offered in evidence, and was in full compliance with the law announced in *Walters v. State, supra*.

We find no error in the ruling of the court, and the judgment and sentence will be affirmed.

*Judgment and sentence affirmed, with costs.*