## WORD v. UNITED STATES.

### No. 4485.

United States Court of Appeals
Tenth Circuit.

Oct. 22, 1952.

Robert T. Burns, Denver, Colo., for appellant.

Ernest J. Rice, Topeka, Kan. (Eugene W. Davis, Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The appellant, Dale Word, was tried, convicted and sentenced to a term of four years' imprisonment on an indictment returned in the District Court of Kansas, charging the interstate transportation of a stolen motor vehicle, knowing the same to have been stolen. 18 U.S.C. § 2312. On appeal to this court in forma pauperis, he first complains of the refusal of the trial court to direct a verdict of acquittal at the close of the Government's case on the grounds that it was insufficient to prove guilt beyond a reasonable doubt.

The owner of the 1949 Lincoln involved testified for the Government to the effect that he left his car on a street in San Francisco, California, on the evening of December 9, 1950, to visit a friend in a nearby hotel; that when he returned a short time later, the car was missing; that after searching for it that night and the next day, he reported the loss to the police and insurance company on the 11th. He further testified that he did not know the appellant and did not give him permission to use the car. There was also evidence that the car was found wrecked and abandoned on December 13, 1950, near Garden City, Kansas.

An agent of the Federal Bureau of Investigation testified that in a conversation with the appellant on August 16, 1951, appellant told him that he had driven the car in question from San Francisco to the point where it was found. On cross examination, the agent testified that appellant told him that while he was walking down a street in San Francisco in the early part of December 1950, he was hailed by a man standing near an automobile with a damaged front fender; that the man wanted him to lift the fender so he could drive the car, and that the man then proposed that he take the car and have it fixed for him; that he identified the man as Mr. Bye, the owner of the car, and knew his name and address; that Mr. Bye gave him $300 and told him to take the car to Las Vegas, Nevada, to have it repaired, and if he did not hear from appellant within two weeks,

he would then report the matter to the police department. He also told the agent that after he came into possession of the car, he decided not to take it to Las Vegas, but to Kansas City, Missouri, to see his mother, and that he subsequently picked up a girl friend and two companions. There was also some testimony of doubtful value by a witness who testified that during the month of December, 1950, two colored boys drove a 1949 black or dark blue Lincoln into his filling station in San Francisco for the purpose of having the fender lifted so they could drive it. The witness could not positively identify the appellant, but thought his face looked familiar.

The only evidence for the Government directly connecting the appellant with the interstate transportation of the automobile is his admissions to the federal agent, and appellant contends that when viewed in the light of the exculpatory statement contained therein to the effect that he took and transported the car with the consent and approval of the owner, it completely negatives any intent to unlawfully transport the automobile.

Undoubtedly, both the inculpatory and the exculpatory parts of the statement to the agent were admissible in evidence. See Annot. 2 A.L.R. 1017 and 26 A.L.R. 541; State v. Kiewel, 173 Minn. 473, 217 N.W. 598. And standing alone such evidence would prove no more than the fact that the appellant transported Bye's automobile in interstate commerce. It remained for the Government to prove the essential ingredient of the offense, namely that the car was stolen and that appellant had knowledge of it at the time of the transportation. The statement must, however, be considered together with other evidence to the effect that the owner of the car neither knew the appellant nor gave his consent or approval to the taking or transportation. In the face of this contradictory testimony, the jury was not required to believe all or any part of appellant's statement insofar as it is inconsistent or contradicted by credible testimony in the record. In the exercise of its province to weigh the evidence and assess the credibil-

ity of the witnesses, the jury chose to disbelieve the exculpatory part of the admission in the face of inconsistent testimony of the owner of the car. We think the proof, considered as a whole, was sufficient to prove the Government's case beyond a reasonable doubt.

█ The appellant also complains of the denial of his right to the compulsory process of witnesses. In his motion for reduction of sentence, for a new trial, and probation, he included the names and addresses of three witnesses whose testimony, he states, would have influenced the jury to reach a different verdict. Rule 17(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., provides that the court or judge thereof may at any time order that a subpœna be issued upon motion or request of an indigent defendant. But, the Rule also provides that the motion be supported by an affidavit of the defendant stating the name and address of each witness and the testimony which he is expected by the defendant to give if subpœnæd; that the evidence of the witness is material to the defense; that the defendant cannot safely go to trial without the witness, and is actually unable to pay the fees of the witness or witnesses. If the court or judge orders the subpœna to be issued, cost of the process and fees of the witnesses subpœnæd are to be paid in the same manner in which similar costs and fees are paid in case of a witness subpœnæd for the Government. But, there is nothing in this record to indicate an attempted compliance with the Rule or that appellant made any request for the subpœna of witnesses either before or during the trial of the case.

█ One of the officers who examined the wrecked automobile where it was abandoned testified to having lifted some finger prints from the car and delivering same to the Federal Bureau of Investigation. He was also permitted to testify that he received a report identifying the finger prints. He was not permitted, however, to testify concerning the contents of the report on the grounds of hearsay. The appellant complains of the incriminating inferences from this testimony. We do not think the testimony tended to unduly in-

criminate the appellant, and in any event, it could do no more than prove the appellant's identification with the automobile, a fact not disputed on the record.

The judgment is affirmed.