THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUSTINO GONZÁLEZ CANDELARIO, Defendant and Appellant.

No. 16336. Submitted January 14, 1958.—Decided March 10, 1958.

*Justino González Candelario, pro se. J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney Gen-*

*eral,* and *Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court,* respectively, for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellant Justino González Candelario was prosecuted for a subsequent offense of burglary in the first-degree. The jury who sat in the case found him guilty. The defendant having accepted at the arraignment the commission of a former offense, the judge sentenced him to 10 to 12 years' imprisonment in the penitentiary for the subsequent offense of burglary in the first-degree.

■ He appealed from this judgment and assigns several errors. None of them were committed and since they are clearly frivolous we shall dismiss them without any discussion. *People* v. *Pierantoni,* 60 P.R.R. 13. However, the *Fiscal* of this Court consents to the reversal of the judgment and to the granting of a new trial for different reasons. We are agreed that the lower court committed error (1) in admitting in evidence a confession of the defendant which contains statements showing the commission of another offense by the defendant, without limiting the scope of said confession, and (2) in allowing the original information to go to the jury without properly eliminating the allegation of the former offense which had been admitted by the defendant at the time of the arraignment.

■ The rule is that in proving a confession the prosecution may introduce that part of the confession which indicates that the defendant has committed another separate offense, where such admission is inseparably connected with the commission of the offense charged; but when the statements admitting the commission of a different offense can be separated from those relating to the offense charged, only those statements which are material to the crime charged should be received in evidence. 20 Am. Jur. § 489, at. 426; 2 A.L.R. 1029; 26 A.L.R. 541; 2 Wharton's *Criminal Evi-*

*dence* § 356, at. 56 (12th ed.); VII Wigmore on *Evidence* § 2100, at. 492 (3d ed.); *State* v. *Fowler,* 53 S. E. 2d 853 (1949); *Brown* v. *State,* 111 N. E. 2d 808 (1953); *State* v. *Nagy,* 98 A. 2d 613 (1947); *Grove* v. *State,* 45 A. 2d 348 (1946); *cf. State* v. *Hofer,* 28 N. W. 2d 475 (Iowa, 1947); *cf. State* v. *Knapp,* 71 N. E. 705 (Ohio). In the present case the confession presented in evidence which showed that defendant admitted having committed a former offense was not connected in any way with the crime charged nor does it fall under the doctrine laid down in *People* v. *Archeval,* 74 P.R.R. 478, in which we pointed out the exceptions where evidence of other offenses committed by the defendant may be presented by the prosecution.

 It was likewise error to submit to the jury the information without omitting therefrom the allegation of prior conviction in the manner it was omitted, and which was approved by us, in *People* v. *Beltrán,* 73 P.R.R. 466.[1]

The fact that the defendant took the witness stand to testify in his own behalf did not cure the errors assigned. The prosecution tried to impeach the credibility of the defendant but he did not pose the proper question. He merely asked the defendant whether that was the first time that he had had cases of that nature, to which he answered "I had a previous case." This question was objected to by the defense and the court sustained the objection but thereafter failed to give any instructions to the jury to disregard the question and the answer of the witness. Evidence of this nature should not go to the jury because the fact that a defendant says that he has had a previous case does not mean that he has been previously convicted of a felony

---

[1] In the *Beltrán* case, *supra,* a copy of the information omitting the allegation of subsequent offense was prepared and delivered to the jury. The procedure in the present case, according to the order of the judge, was the following: "The clerk of this court is hereby ordered to conceal in the best possible way the second part of the information. The gentlemen of the jury should not, under any circumstances, examine that part of the information covered by the paper attached thereto."

which is the material evidence to impeach the credibility of a witness on the ground of a prior conviction. Section 520 of the Code of Civil Procedure (32 L.P.R.A. § 2150); § 244 of the Code of Criminal Procedure (34 L.P.R.A. § 723); *People* v. *Belardo*, 50 P.R.R. 491; *People* v. *Rodríguez*, 62 P.R.R. 749. In view of all these considerations the judgment of the lower court should be reversed and a new trial ordered.

Mr. Justice Santana Becerra dissented because in his opinion the error was cured.