BELL *v.* STATE

[No. 275, September Term, 1963.]

*Decided April 2, 1964.*

256

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, HORNEY and SYBERT, JJ.

*Reginald D. Malloy* for appellant.

*Mathias J. DeVito, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Cornelius F. Sybert, Jr., State's Attorney for Howard County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was convicted of statutory rape in a trial before a jury, and sentenced to twelve years in the penitentiary. He contends that the evidence was legally insufficient to support the jury's verdict, because there was evidence that he was insane at the time of the commission of the crime. He also contends that the trial court committed reversible error in admitting into evidence the appellant's confession, because it included the confession of offenses other than the one for which he was tried.

The appellant was charged in two indictments, one charging statutory rape upon a girl under fourteen, and the other charging statutory rape upon her sister, a somewhat younger girl. Both girls were his adopted step-children, the children of his wife by a former marriage. At the arraignment, pleas of not guilty and not guilty by reason of insanity, and insanity at the time of trial, were filed in each case. The State's motion to consolidate was denied when counsel for the accused withdrew his consent, and the State elected to proceed in the case of the younger girl.

There is no contention that the evidence was legally insufficient to support the finding that the appellant committed the offense charged. There was no motion for acquittal on the first count. A motion for acquittal on the second count was granted. In any event, the girl named in the indictment on trial testified specifically as to the actions of the accused on the date in question, and on previous occasions, and told how her mother caught them in a compromising position and reported the mat-

ter to the police. There was corroboration in the medical testimony, although the wife declined to testify as to anything tending to incriminate her husband. The appellant also gave a detailed confession to the police, the voluntariness of which is not questioned.

On the question of insanity at the time of the offense, it was shown that for several years prior to the trial the appellant had suffered epileptic seizures described as *grand mal,* following an automobile accident in which he suffered severe brain damage. There was also evidence of brain damage due to a staph infection and high fever. For one reason or another, he was certified to Social Security as incapable of working. His wife was employed as a practical nurse. She described his marked personality changes, as did other lay witnesses. Dr. Van Buskirk, a neurologist, testified that appellant had a mental disease that could destroy his ability to "recognize the significance of his acts." Dr. Waterman, a psychiatrist, testified that the appellant showed emotional disturbance. He thought the appellant could distinguish right from wrong but did not understand the nature and consequences of his acts. Dr. Prado, a psychiatrist called by the State, testified that in his opinion at the time of the offense the appellant knew the difference between right and wrong and the nature and consequences of his acts as applied to himself, and that his epileptic condition in no way affected this capacity. In its advisory instructions the court told the jury that the burden was upon the appellant to prove insanity by a preponderance of the evidence. There were no exceptions to the charge. If the point of legal sufficiency is preserved, we think the question of insanity vel non was properly left to the jury. It is obvious that, if the jury believed the testimony of Dr. Prado and accepted his opinion, they could find, as they did, that the accused was criminally responsible and not insane under the McNaghten test. Cf. *Dunn v. State,* 226 Md. 463, 471.

The confession was objected to, not on the ground that it was not voluntary, but on the ground that it contained a confession of a similar crime committed upon the body of the older girl at various other dates. It is the general rule that evidence of other crimes is not admissible, and, although there is author-

ity to the contrary, we have applied the rule to sexual crimes. *Wentz v. State,* 159 Md. 161. But we have recognized an exception where the other crime is part of a common scheme or plan, or so linked in point of time or circumstances as to show intent or motive. *Presley v. State,* 224 Md. 550, 558, *cert. den.,* 368 U. S. 957; *Mazer v. State,* 231 Md. 40, 47. In the case of confessions it is the general rule that the whole of a confession must be admitted. Neither side can select the incriminatory or exculpatory portions. *Williams v. State,* 205 Md. 470, 473. However, where the relevant parts dealing with the crime charged can be readily separated from those parts confessing to other crimes, some courts have required that this be done, although where separation is impracticable the courts have almost uniformly held that a cautionary instruction to the jury will suffice. As to what is reasonably separable, the determination is usually left to the sound discretion of the trial court. For various statements of the rule, see 23 C.J.S. *Criminal Law,* § 820 p. 201; 20 Am. Jur. *Evidence,* § 489; Notes, 2 A.L.R. 1017, 1029 and 26 A.L.R. 541; 2 Wharton, *Criminal Evidence* (12th ed.), § 361; 2 Underhill, *Criminal Evidence* (5th ed.), § 385. Cf. *Grove v. State,* 185 Md. 476, 479, and *Walters v. State,* 156 Md. 240, 243.

Mr. Wigmore says: "this additional crime [mentioned in a confession] would ordinarily not be provable for its own sake; yet under the present principle [completeness] * * * the accused's allusion to it in his confession may and must be listened to if it is a part of the one entire statement confessing the crime charged at bar." See VII Wigmore, *Evidence* (3rd ed.), § 2100. In Footnote 9 the learned author refers to "an unnecessary scrupulosity on this point" by some courts. Most of the cases permit the evidence to go in with a cautionary instruction, where included in a single confession.

In the instant case we think the trial judge did not abuse his discretion in admitting the confession, with an appropriate instruction to the jury to disregard the parts relating to the other girl. In the first place, the objection was too broad. *Colie v. State,* 193 Md. 608, 613. There was no effort on the part of counsel for the accused to limit or delete portions of the confession. In the second place, the confession described sexual re-

lations over a considerable period of time between the accused and each of the girls, both of whom were frequently present when sexual activities took place, and it would appear that the older girl took an active part in the seduction of the younger. It would have been difficult to separate the statements as to each and render them intelligible. According to the appellant's confession both girls were present when the incident of November 29, 1962, charged in the indictment, took place.

In any event, we think there was no prejudice shown. The defense virtually conceded that the sexual acts with the younger girl took place. The whole defense was rested upon the plea of insanity. Under similar circumstances it has been held that no prejudice was shown (*Commonwealth v. Gable,* 187 Atl. 393 (Pa.) ; *Schneider v. People,* 199 P. 2d 873 (Colo.), *cert. den.,* 338 U.S. 862). Cf. *Kiefer v. State,* 169 N. E. 2d 723 (Ind.), *cert. den.,* 366 U. S. 914. In the instant case the proof was exculpatory to the extent that it connected the conduct of the defendant to his prior brain damage.

*Judgment affirmed.*